J. S22027/16

2016 PA Super 103

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
TABU NAZSHON PHILLIPS, :
:
Appellant : No. 802 MDA 2015

Appeal from the Judgment of Sentence March 31, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division No(s): CP-22-CR-0001621-2012

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

OPINION BY DUBOW, J.: **FILED MAY 19, 2016**

Appellant, Tabu Phillips, appeals from the Judgment of Sentence entered in the Dauphin County Court of Common Pleas on March 31, 2015. Following a trial, the jury convicted Appellant of one count of Persons Not to Possess Firearm and one count of Possessing an Instrument of Crime – Unlawful Body Armor.[1] We hold that: (i) the trial court was not required to advise Appellant of the applicable sentencing guidelines prior to finding that Appellant knowingly, voluntarily and intelligently waived his right to counsel; (ii) having already obtained a valid waiver of counsel, the trial court was not required to perform a new waiver-of-counsel colloquy absent a substantial change in circumstances; (iii) Appellant waived his claim that certain out-of-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §6105 and 18 Pa.C.S. §907(c) respectively.

court statements were inadmissible proof of prior acts under Pa.R.E. 404(b) when he failed to preserve this claim in the trial court and in his Rule 1925(b) Statement; and (iv) Appellant waived his claim that these out-of-court statements were irrelevant by failing to develop this claim in the argument section of his Appellate Brief. Accordingly, we affirm the Judgment of Sentence.

## Factual and Procedural History

This is Appellant's second conviction and appeal to this Court for the same underlying offense. This Court previously vacated Appellant's initial convictions and remanded for a new trial after concluding that the trial court had failed to elicit a knowing, voluntary and intelligent waiver of counsel from Appellant before permitting him to proceed *pro se* in his first trial. ***See Commonwealth v. Phillips***, 93 A.3d 847, 855 (Pa. Super. 2014). At his re-trial, Appellant again elected to represent himself *pro se*. That jury also convicted Appellant. The facts and procedural history are as follows.

On December 22, 2011, officers of the Harrisburg City Police Department responded to a 911 call from a female screaming for help and stating that someone was trying to kill her. ***Id.*** at 849. Officers responded to a boarding house and followed the sounds of a screaming female to the second floor, where they encountered Appellant breathing rapidly as he walked out of a bedroom. ***Id.***

In the bedroom that Appellant had just vacated, officers found Jasmine Matthews ("Matthews"), who was "crying, breathing very hard, and had blood coming from her nose and mouth." *Id.* The visibly distraught Matthews told officers that Appellant had repeatedly struck her with his fists and with a gun. N.T. Suppression, 11/13/14, at 20-21. Matthews showed officers the gun Appellant used to strike her, a .32 caliber Colt gray top action revolver located under the foot of the bed. *Phillips, supra* at 849.

Officers discovered Appellant had a warrant out for his arrest, and took him into custody. *Id.* While searching Appellant incident to arrest, officers discovered Appellant was wearing a Kevlar vest with ammunition for a .32 caliber firearm in the pocket. *Id.* Appellant was charged with one count of Persons Not to Possess Firearm, one count of Possessing an Instrument of Crime – Unlawful Body Armor, and one count of Simple Assault.

As noted above, Appellant represented himself *pro se* in his first trial. After a jury convicted him of the two possession charges and acquitted him of the simple assault, Appellant appealed to this Court alleging, *inter alia*, that his waiver of counsel had not been knowing, voluntary and intelligent. This Court agreed, finding none of the waiver-of-counsel colloquies given by the trial court satisfied the minimum requirements under Pa.R.Crim.P. 121. *Id.* at 852-55. We remanded for a new trial on the possession charges only.

On October 7, 2014, Appellant filed two motions *pro se*: (1) a Motion to Proceed *Pro Se* citing a disagreement in trial strategy between Appellant

and his appointed counsel; and (2) a Motion to Suppress challenging the officer's warrantless entry into the boarding house and the subsequent seizure of the firearm discovered therein.

On November 13, 2014 the Honorable Scott Arthur Evans held a hearing on both Motions. At the commencement of the hearing, the trial court presided over a waiver-of-counsel hearing of Appellant on the record before granting Appellant's Motion to Proceed *Pro Se* and appointing standby counsel. N.T. Suppression, 11/13/14, at 3-12. The parties then proceeded with testimony on the Motion to Suppress, which Judge Evans denied at the close of the hearing.

A two-day jury trial began on March 11, 2015. Prior to jury selection, Appellant presented the trial court with a Motion *in Limine* challenging the admissibility of (1) Appellant's prior criminal record, (2) a recording of a prison phone conversation, and (3) the content of the 911 call from Matthews. Appellant challenged the 911 call, in which Matthews states "He is trying to kill me," as irrelevant and unfairly prejudicial given the absence of assault charges against Appellant on remand.

The trial court denied Appellant's Motion *in Limine*, and then conducted a second waiver-of-counsel hearing of Appellant on the record before proceeding with jury selection and trial.

The jury convicted Appellant of both possession charges. Judge Evans subsequently sentenced Appellant to five to ten years of incarceration for

Persons Not to Possess Firearms, and a consecutive one to four years sentence for Unlawful Body Armor. Appellant filed a *pro se* post-sentence motion on April 8, 2015. The next day, counsel entered an appearance on behalf of Appellant and filed an amended post-sentence motion. The court denied the Motion on April 13, 2015. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

## Issues Raised on Appeal

Appellant raised the following alleged errors in his counseled Rule 1925(b) Statement:

> 1. [The trial court] erred by failing to conduct a complete and thorough, on-the-record colloquy of Appellant before allowing him to proceed to his suppression hearing and trial pro se in violation of Pa.R.Crim.P. Rule 121, resulting in an unknowing, involuntary, and unintelligent waiver of his right to counsel under the Fifth and Sixth Amendments to the United States Constitution and Articles I and V, Section 9 of the Pennsylvania Constitution.
>
> 2. [The trial court] erred in admitting evidence of the 911 call where such was irrelevant to the underlying charges, and where any probative value was outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.
>
> 3. [The trial court] erred in admitting the victim's statement to police where the statement constituted inadmissible hearsay not subject to any exception.
>
> 4. [The trial court] erred in denying Appellant's Post-Sentence Motion where his sentence is excessive and unreasonable and constitutes too severe a punishment in light of the gravity of the offense, Appellant's rehabilitative needs, and what is needed to protect the public.

Appellant's Statement of Errors Complained of Upon Appeal Pursuant to PA.R.A.P. 1925(b).

Appellant's Statement of Questions Presented in his counseled Brief to this Court raises two issues on appeal:

> a. Did not the lower court fail to insure that [Appellant's] waiver of his right to counsel was knowing, voluntary, and intelligent when it failed to conduct a waiver-of-counsel colloquy at a critical stage of the proceedings and when the two colloquies that it did conduct were insufficient under the standards of Pa.R.Crim.P. 121(A)(2)?
>
> b. Did the trial court err in denying [Appellant's] Motion *In Limine* to exclude as irrelevant certain out-of-court declarations of the alleged victim of the simple assault when the defendant had been acquitted of the simple assault at the first jury trial and when it was unnecessary for the Commonwealth at the second trial to introduce a detailed account of the alleged assault?

Appellant's Brief at 5 (capitalization omitted).

## **Waiver of Counsel Claims**

Although stated as a single question in his brief to this Court, Appellant's waiver-of-counsel claim consists of two distinct arguments. First, Appellant avers that the trial court was required to advise him of the applicable sentencing guidelines prior to finding Appellant's waiver of counsel was knowing, voluntary and intelligent. Second, Appellant avers that the trial court was required to conduct a new waiver-of-counsel colloquy prior to hearing Appellant's Motion *in Limine*.

The right to counsel and the corresponding right to self-representation are deeply entrenched in both state and federal law. As our Supreme Court has made clear:

> [i]t is . . . firmly established that an accused has a constitutional right to counsel during trial. While an accused may waive his

constitutional right, such a waiver must be the free and unconstrained choice of its maker, and also must be made knowingly and intelligently. To be a knowing and intelligent waiver defendant must be aware of both the right and of the risks of forfeiting that right.

***Commonwealth v. Tyler***, 360 A.2d 617, 620 (Pa. 1976) (citations and quotations omitted). Deprivation of the right to counsel, or the right to waive counsel, can never be harmless. ***Commonwealth v. Payson***, 723 A.2d 695, 699–700 (Pa. Super. 1999). Moreover,

the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.

***Commonwealth v. Monica***, 597 A.2d 600, 603 (Pa. 1991).

Pennsylvania Rule of Criminal Procedure 121 outlines additional requirements for a valid waiver-of-counsel colloquy. It states, in pertinent part:

**Rule 121. Waiver of Counsel**

**(A) Generally.**

(1) The defendant may waive the right to be represented by counsel.

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

> (a) that the defendant understands that he ... has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he ... waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

\* \* \*

**(C) Proceedings Before a Judge.** When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel.

Pa.R.Crim.P. 121(A)(1)-(2)(a)-(f), (C) (emphasis in original). Finally, "a waiver colloquy must, of course, always contain a clear demonstration of the defendant's ability to understand the questions posed to him during the colloquy." *Commonwealth v. McDonough*, 812 A.2d 504, 507 n. 1 (Pa. 2002).

With these requirements in mind, we now turn to Appellant's waiver of counsel claims.

*Adequacy of the November Waiver-of-Counsel Colloquy*

During the November 13, 2014 waiver-of-counsel colloquy, Appellant answered questions about his age, educational background, and comprehension skills. N.T. Suppression, 11/13/14, at 4. The trial court confirmed that Appellant understood that he had a right to counsel, including the right to be appointed counsel free of charge in the event he could not afford an attorney. *Id.* The trial court confirmed that Appellant understood the nature of the charges against him, going over both of the charges then pending as well as the elements of each offense. *Id.* at 4-5, 9-11. Appellant acknowledged that he understood the maximum possible penalty for each of the offenses charged. *Id.* at 5. Appellant indicated he understood he would be held to the same procedural and evidentiary rules as an attorney, and that an attorney would "be more familiar" with those rules. *Id.* In addition, Appellant acknowledged he might have "possible defenses that an attorney may be aware of that if not raised at trial [could be lost] permanently." *Id.* at 6. Finally, Appellant stated he understood that he had many rights that he would have to assert in a timely manner or avoid losing permanently, including the right to appeal errors at trial. *Id.*

In spite of this extensive inquiry, Appellant now argues that the waiver-of-counsel colloquies conducted in the trial court did not comply with the minimum standards set forth in Pa.R.Crim.P. 121(A)(2) and that therefore Appellant's waiver of counsel was not knowing, voluntary and

intelligent. In particular, the Appellant argues that Pa.R.Crim.P. 121(A)(2)(c), which requires the trial court to advise potential *pro se* defendants of the "permissible range of sentences," also required the trial court to advise Appellant of the sentencing guidelines applicable to his case.

Addressing Appellant's claim requires us to interpret the meaning of Rule 121. The interpretation of procedural rules is a question of law, so our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Dowling**, 959 A.2d 910, 913 (Pa. 2008).

The rules for interpreting a Rule of Criminal Procedure in this Court are well established:

> When we interpret our Rules of Criminal Procedure, we employ the same principles employed in the interpretation of statutes. Pa.R.Crim.P. 101(C); **Commonwealth v. Cooper**, 611 Pa. 437, 27 A.3d 994, 1003 (2011). The object of interpretation of the criminal rules "is to ascertain and effectuate the intention" of our Supreme Court, as the rule-issuing body. "Every [rule] shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). "When the words of a [rule] are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

**Commonwealth v. Noel**, 53 A.3d 848, 855 (Pa. Super. 2012).

As the language of Pa.R.Crim.P. 121 is "clear and free from all ambiguity, we need not delve further into the applicable rules of construction." *Id.* at 855-56.

Rule 121, by its plain language, requires the trial court to determine "that the defendant is aware of the **permissible** range of sentences and/or fines for the offenses charged[.]" Pa.R.Crim.P. 121(A)(2)(c) (emphasis

added). The plain language of Rule 121 does not mention that the trial court must advise the defendant of the applicable sentencing guidelines. Our Supreme Court is aware of the existence of sentencing guidelines, and if it wished to include the sentencing guidelines in the requirements under Rule 121, it was free to do so. The Supreme Court did not.

We, thus, conclude that under the plain language of Rule 121, the trial court was not required to advise Appellant of the applicable sentencing guidelines prior to finding that Appellant had knowingly, voluntarily and intelligently waived his right to counsel. Therefore, Appellant is not entitled to relief on this claim.

### *Duration of a Valid Waiver of Counsel*

Appellant next argues that the Motion *in Limine* was a "critical stage," and therefore the lower court erred in hearing Appellant's Motion without first conducting a waiver-of-counsel colloquy. Even assuming, *arguendo*, that the Motion *in Limine* was a "critical stage," we have already held, **supra**, that the trial court previously elicited a knowing, intelligent and voluntary waiver of counsel from Appellant at the November 13, 2014 hearing on the Motion to Suppress. Accordingly, the relevant inquiry is whether, and under what circumstances, the trial court has a duty to **repeat** the waiver-of-counsel colloquy.

After a thorough review of the case law in this Commonwealth, we conclude this is a case of first impression. Although our Opinion in

*Commonwealth v. Baker*, 464 A.2d 496 (Pa. Super. 1983), refers in dicta to the need for a thorough waiver-of-counsel colloquy "at every critical stage of a criminal proceeding," this Court in *Baker* expressly declined to decide the question of whether a waiver-of-counsel colloquy must be **repeated** at every critical stage of the prosecution.[2] *Baker*, 464 A.2d at 500. Although the appellant in *Baker* raised the issue of whether the trial court was required to re-colloquy the appellant prior to sentencing, this Court found the initial waiver colloquy constitutionally inadequate, and granted relief without addressing the issue of re-colloquy.

Although our research yielded no controlling case law in Pennsylvania on the issue of the need to repeat the colloquy, our survey of our sister states and federal circuit courts shows that every jurisdiction but one has held that a valid waiver of counsel is presumed to remain effective throughout any subsequent trial proceedings absent either a revocation by the defendant or a substantial change in circumstances.[3]

---

[2] Moreover, none of the cases relied upon by this Court in *Phillips, supra* or *Baker* holds that a waiver-of-counsel colloquy must be **repeated** at every critical stage of the prosecution. Instead, they highlight the fact that the question of waiver may arise for the first time at various stages, and that when it arises, if ever, the court must conduct a thorough waiver-of-counsel colloquy. *See Phillips,* 93 A.3d at 854; *Baker*, 464 A.2d at 499.

[3] Importantly, the only jurisdiction to address the issue and hold otherwise did so on the basis of a state statute that explicitly requires re-colloquy at each subsequent stage, and not on constitutional right-to-counsel grounds. *See Meuhleman v. State*, 3 So.3d 1149, 1156 (Fla. 2009) (relying on Fla. R.Crim. P. 3.111(d)(5) (2003)).

This "ongoing waiver" rule was first adopted by the Eighth Circuit in *Davis v. United States*, 226 F.2d 834, 840 (8th Cir. 1955) (finding the trial judge was "entirely justified in taking [the appellant's] prior refusal of counsel as 'definite'" and still valid at a later proceeding, and reasoning that, absent some change in circumstance, it would be "mere ceremony" and "neither good law nor good sense" to require the trial court to re-colloquy a defendant at each subsequent proceeding).  Since *Davis*, every federal Circuit Court that has considered the issue has adopted some version of the ongoing waiver rule announced in *Davis*.  *See, e.g., United States v. Unger*, 915 F.2d 759, 762 (1st Cir. 1990) (holding that, in the absence of intervening events, a defendant's earlier waiver was still in force at the sentencing hearing); *United States v. McBride*, 362 F.3d 360, 367 (6th Cir. 2004) (adopting "the rule set forth above by our sister circuits that a defendant's waiver of counsel at trial carries over to subsequent proceedings absent a substantial change in circumstances"); *United States v. Fazzini*, 871 F.2d 635, 643 (7th Cir. 1989) (holding that "[o]nce the defendant has knowingly and intelligently waived his right to counsel, only a substantial change in circumstances will require the district court to inquire whether the defendant wishes to revoke his earlier waiver."); *Panagos v. United States*, 324 F.2d 764, 765 (10th Cir. 1963) (denying motion to vacate sentence where the record contained "no facts or circumstances which would prevent the initial waiver of the right to counsel, knowingly and intelligently

made, from extending to and being fully effective at the time of sentencing").

The Ninth Circuit has pointed out that certain acts by the defendant may trigger the need for a re-colloquy. In **Arnold v. United States**, 414 F.2d 1056, (9th Cir. 1968), the Ninth Circuit Court of Appeals found that, although the Sixth Amendment right to counsel applies at each critical stage of the prosecution, "it does not follow that once the assistance of counsel in court has been competently waived, a new waiver must be obtained at every subsequent court appearance by the defendant." **Id**. at 1059. The Court then considered whether the defendant may have triggered the need for a re-colloquy by expressly requesting the appointment of counsel or indicating in the initial waiver that he wanted to limit that waiver to a particular stage of the proceedings. **Id.** The Ninth Circuit found the defendant had not triggered the need for a new colloquy, and therefore his valid waiver of counsel prior to pleading guilty remained valid at sentencing and at re-sentencing some six months later. **Id.** at 1057.

Similar to the Federal Courts, nearly every state Supreme Court to consider the issue has adopted the ongoing waiver rule. **See, e.g., State v. Mathis**, 159 N.W.2d 729, 732 (Wis. 1968) (holding that a valid waiver "continues through the proceedings until, by some act of the defendant, it is withdrawn or the presumption of continuance interrupted"); **State v. Harig**, 218 N.W.2d 884, 890-91 (Neb. 1974), *reaffirmed*, **State v. Tiff**, 260 N.W.2d

296, 303 (Neb. 1977) (adopting the reasoning of the Circuit Courts in **Davis** and **Panagos, supra**); **State v. Steed**, 506 P.2d 1031, 1033 (Ariz. 1977) (holding that "[a] defendant's election, once properly made, continues throughout the trial and sentencing"); **State v. Carpenter**, 390 So.2d 1296, 1299 (La. 1980) (adopting the reasoning of the Ninth Circuit in **Arnold, supra**); **People v. Baker**, 440 N.E.2d 856, 860-61 (Ill. 1982) ("In the absence of some circumstances indicating that the waiver is limited, or other facts which would give the trial court reason to conduct a further inquiry, we hold . . . that a competent waiver of counsel at arraignment by a defendant who is advised that he has a constitutional right to counsel at all stages of the proceedings is operative at the time of sentencing."); **Lay v. State**, 179 P.3d 615, 620 (Okla. 2008) (finding defendant in a capital murder trial properly waived his right to counsel during the guilt phase, and that this waiver remained valid throughout the trial and sentencing phases), *abrogated on other grounds by* **Harmon v. State**, 248 P.3d 918 (Okla. 2011).

Consistent with the weight of authority, we now hold that once a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a substantial change in circumstances.

Having adopted this rule, we now consider whether some substantial change is present here.[4] There is nothing in the record to suggest **any** change in circumstances beyond the passage of a few months' time. Moreover, there is no evidence that suggests Appellant intended to limit his waiver of counsel to the suppression hearing, or that Appellant requested the re-appointment of counsel. Absent any of these triggers, the trial court was not required to colloquy Appellant again prior to hearing Appellant's Motion *in Limine* on March 11, 2015. Therefore, Appellant is not entitled to relief on this claim.

## Admissibility of Out-of-Court Statements Claims

Appellant next challenges the admission of two out-of-court statements made by Matthews to 911 and to the responding police officers. Appellant's challenge to the admission of the statements includes two distinct parts.[5] First, Appellant argues that the out-of-court statements were inadmissible evidence of prior bad acts. Second, Appellant argues the out-of-court statements were irrelevant. We address and deny each argument in turn.

The out-of-court statements at issue were those of Matthews, who was allegedly beaten by Appellant with the gun and who initially summoned

---

[4] We expressly decline to define all the facts under which we would find a substantial change in circumstances.

[5] Appellant's Brief expressly abandons any hearsay objection raised at trial or in his Rule 1925(b) Statement. **See** Appellant's Brief at 30.

police to the scene. She did not testify at trial. Instead, the Commonwealth brought in two different out-of-court statements made by Matthews through other witnesses.

First, the Commonwealth played a 911 call in which Matthews asked for help and told the dispatcher "he is trying to kill me." N.T. Trial, 3/12/15, at 52-53. Appellant objected to the introduction of this evidence as irrelevant and unfairly prejudicial in the pre-trial Motion *in Limine* discussed above.

Second, one of the Commonwealth's witnesses testified to statements Matthews made to the responding officers. N.T. Trial, 3/12/15, at 69-71. In her statements on scene, Matthews told officers that Appellant had struck her about her face and abdomen with his fists and with a gun. ***Id.*** When asked about the gun, Matthews directed officers to the firearm recovered from under the bed. ***Id.*** Appellant made two hearsay objections to this testimony, which the trial court overruled on the grounds that the statements were admissible excited utterances. ***Id.***

In the argument portion of Appellant's Brief to this Court, he avers that the 911 call and statements made at the scene of Appellant's arrest were inadmissible evidence of prior bad acts under Pa.R.E. 404(b). We find Appellant waived this argument as to both statements.

Our Pennsylvania Rules of Appellate Procedure and our case law set forth the well-established requirements for preserving a claim for appellate

review. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. *Commonwealth v. York*, 465 A.2d 1028, 1032 (Pa. Super. 1983).

Similarly, our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citation and quotation omitted). *See also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."). Moreover, the issues raised must be identified with sufficient particularity; a Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006).

In the instant case, Appellant's arguments to the trial court were limited to objections on the basis of relevance and hearsay. At no point before, during, or after trial did Appellant object on the ground that the evidence was inadmissible as prior bad acts. Nor did Appellant raise this bad acts argument in his Rule 1925(b) Statement, which again was limited to alleging error on the grounds the testimony was irrelevant and/or hearsay. Because Appellant is improperly attempting to raise a new theory of relief for

the first time on appeal, we conclude Appellant waived this prior acts claim. *See* Pa.R.A.P. 302(a); *York, supra*.

Appellant's Statement of Questions Involved also avers that the out-of-court statements were not relevant on remand given that the initial jury acquitted Appellant of Simple Assault. The argument section of Appellant's counseled Brief to this Court, however, lacks any discussion of this relevance claim. Instead, the argument section of Appellant's Brief sets forth, in substance, only a prior bad acts argument. Accordingly, Appellant waived this relevance claim.

This Court will address only those issues properly presented and developed in an appellant's brief as required by our Rules of Appellate Procedure, Pa.R.A.P. 2101-2119. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." *Coulter, supra* at 1088 (citation and quotation omitted)*.* Thus, issues raised in a Brief's Statement of Questions Involved but not developed in the Brief's argument section will be deemed waived. *Harkins v. Calumet Realty Co.*, 614 A.2d 699, 703 (Pa. Super. 1992).

Appellant's Brief does not refer to Pennsylvania Rule of Evidence 401, defining the test for whether evidence is relevant, or to Rule 402, which governs the admissibility of relevant evidence generally. Nor does Appellant cite to any cases which interpret or apply our relevance standards outside of

those cases that consider whether evidence of prior bad acts may be excluded as unfairly prejudicial.

In fact, Appellant expressly concedes that the out-of-court statements had at least "minimal relevance," but argues that the evidence should have been excluded as improper evidence of a prior bad act under Rule 404(b). Appellant's Brief at 32. As discussed *supra*, Appellant failed to preserve any prior bad acts claim. He cannot now resurrect that claim on appeal by calling it something else. Nor can he preserve a relevance argument in a brief that only discusses the evidence's admissibility as a prior bad act. *See Harkings*, 614 A.2d at 703. Therefore, we find Appellant waived this relevance claim.

## Conclusion

Having found Appellant waived two of his claims and is not entitled to relief on the merits of his remaining claims, we affirm the trial court's Judgment of Sentence.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016