J-S29013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VINCENT WESLEY HALLMAN | |
| Appellant | No. 2882 EDA 2016 |

Appeal from the PCRA Order June 25, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007765-2006

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 21, 2017**

Vincent Wesley Hallman appeals from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA").  After careful review, we affirm.

In 2007, the trial court sentenced Hallman to an aggregate term of imprisonment of twenty-and-one-half to forty-four years' imprisonment, after a jury convicted him of multiple offenses stemming from a robbery.[1] Hallman filed a direct appeal to this court, which affirmed his judgment of

---

[*] Former Justice specially assigned to the Superior Court.

[1] Hallman was convicted of four counts of robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii) and (iv); two counts of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1) and (4); one count of theft, 18 Pa.C.S.A. § 3903; one count of possessing a firearm without a license, 18 Pa.C.S.A. § 6105; and one count of resisting arrest, 18 Pa.C.S.A. § 5104.

sentence on September 25, 2008. *Commonwealth v. Hallman*, 963 A.2d 566 (Pa. Super 2008) (Table). Hallman filed a petition for allowance of appeal, which our Supreme Court denied on April 1, 2009. *Commonwealth v. Hallman*, 968 A.2d 232 (Pa. 2009) (Table).

On January 20, 2010, Hallman filed a timely *pro se* PCRA petition ("Petition 1"). On October 11, 2011, Hallman filed an amendment to his *pro se* PCRA petition ("Petition 2"). On September 15, 2014, Hallman's appointed counsel filed an amended PCRA petition ("Petition 3"), which raised the following two issues:

1. Trial counsel was ineffective for failing to object to the jury instruction on accomplice liability.

2. Trial counsel was ineffective for failing to object to the prosecutor's initialing of the amended bills.

Brief of Appellee, at 3.

On November 28, 2014, having received an answer to Petition 3 from the Commonwealth, the PCRA court held a hearing. At the hearing, appointed counsel was present, but Hallman requested to proceed *pro se* in order to pursue claims raised in Petition 1 and Petition 2 that appointed counsel believed were frivolous.

Following a colloquy conducted by the Commonwealth to establish the validity of Hallman's waiver of counsel, The Honorable R. Stephen Barrett found Hallman "knowingly, intelligently, and voluntarily relinquished his right to counsel" pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa.

1988). N.T. PCRA Hearing, 11/28/14, at 13. Appointed counsel acted as standby counsel during the hearing.

Prior to argument, the Commonwealth objected on the grounds they were only prepared to argue the issues Hallman raised in Petition 3. In response, Judge Barrett presented Hallman with two options: request a continuance to file an amended *pro se* petition raising all of the claims asserted in Petition 1, Petition 2 and Petition 3, or proceed only on the issues raised in Petition 3. After consulting with counsel, Hallman opted for the latter, and proceeded *pro se* only on the issues raised in Petition 3. Following argument and subsequent briefing on those issues, Judge Barrett denied Hallman's petition on June 30, 2015.

On July 15, 2015, Hallman filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 13, 2016, the PCRA court issued its Rule 1925(a) opinion. On appeal, Hallman raises the following issue for our review: "Was [Hallman] completely denied the right to counsel on [his] first PCRA petition by the court?" Brief of Appellant, at 4. Specifically, Hallman avers the PCRA court should have reinstated counsel after the court limited argument to the issues in Petition 3, which appointed counsel had prepared.

A PCRA petitioner has a constitutional right to represent himself in a post-conviction proceeding. ***Grazier***, 713 A.2d at 82. However, the court is required to make an on-the-record determination that petitioner knowingly, intelligently, and voluntarily waived his right to counsel. ***Id***. Once a

- 3 -

petitioner has made a competent waiver of his right to counsel, that waiver remains in effect absent a substantial change in circumstance. *See Commonwealth v. Phillips*, 141 A.3d 512, 521 (Pa. Super. 2016).

To ensure waiver of counsel is knowing, intelligent and voluntary, petitioner must be colloquied on the following: (1) that the defendant understands that he or she has the right to be represented by counsel, and the right to have counsel appointed if the defendant is indigent; (2) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (3) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (4) that the defendant understands that he or she has many rights that, if not timely asserted, may be lost permanently, and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently. *Commonwealth v. Robinson*, 970 A.2d 455, 459 (Pa. Super. 2009).

Here, the Commonwealth engaged in the following colloquy with Hallman:

Q. Are you aware that you have the right to be represented by counsel during the pendency of your [PCRA] petition?

A. Yes, sir.

Q. Are you aware if you choose to take advantage of that right, Mr. Tone [appointed counsel] will continue his appointment to represent you in regards to this PCRA hearing?

A. (No response.)

Q. I'll say it again.

A. Yeah.

Q. If you decide that you wanted to proceed with counsel, Mr. Tone can continue to represent you?

A. Yes, sir.

Q. Are you aware, then, if you choose to take advantage of your right to counsel, you do not have to pay Mr. Tone?

A. Yes, sir.

Q. Do you understand that evidentiary hearings are governed by strict evidentiary rules and rules of criminal procedure?

A. Yes, sir.

Q. Are you aware that if you choose to go forward without an attorney, you will still be bound by the normal rules of criminal procedure and evidentiary rules?

A. Yes, sir.

Q. Are you aware that if you do not comply with those rules, you may lose your opportunity to elicit pertinent, relevant evidence?

A. Yes, sir.

Q. And do you understand if you were represented by an attorney during the hearing, he would be familiar with the rules of criminal procedure and rules of evidence?

A. Yes, sir.

Q. Knowing all this, is it still your intention to proceed without counsel?

A. Yes, sir.

N.T. PCRA Hearing, 11/28/14 at 10-13. Based on the forgoing, the PCRA court, pursuant to *Grazier*, properly found Hallman "knowingly, intelligently, and voluntarily relinquished his right to counsel," and allowed him to proceed *pro se*. *Id.* at 13.

Moreover, the record does not suggest Hallman asked the PCRA court to reinstate appointed counsel and/or sought to limit his waiver of counsel exclusively to argument in support of Petition 1 and Petition 2. *See Phillips*, 141 A.3d at 521 (waiver remained in effect where there was no substantial change in circumstances, no evidence that waiver of counsel was limited, and/or no request for reappointment of counsel). In fact, when presented with an opportunity to file a fourth petition, Hallman, after consulting with standby counsel, declined. Accordingly, we find the PCRA court did not deprive Hallman of his right to counsel.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2017