J-S56033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  : PENNSYLVANIA
                                                  :
                         v.                       :
                                                  :
                                                  :
                                                  :
ROBERT L. LONGO,                                  :
                                                  :
              Appellant                           : No. 376 MDA 2018

Appeal from the Judgment of Sentence February 8, 2018
in the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000404-2016

BEFORE: GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 12, 2018**

Robert L. Longo ("Longo") appeals from the judgment of sentence imposed following his conviction of two counts of stalking and one count of intimidation of a witness.[1]  We affirm.

Previously, Longo had pled guilty to simple assault and terroristic threats, arising out of a January 2016 incident in which he physically assaulted his then-wife, Alicia.[2]  In March 2016, while he was in prison, Longo sent two letters to Alicia, conveying threats to her and her family from other inmates, detailing physical abuses he had suffered in prison, and stating that he did not want a divorce.  Longo also asked Alicia to tell the District Attorney that she

_____

[1] 18 Pa.C.S.A. §§ 2709.1(a)(1)-(2), 4952(a)(2).

[2] Longo and Alicia were married on October 2, 2015.  Alicia testified at trial that she and Longo were married for approximately one year, but that they had been separated for most of that time.  *See* N.T., 11/28/17, at 107.  Their divorce was final at the time of trial.  *See id.* at 101.

lied (presumably about the assault), and stated that he would let "them" kill him if she did not recant.

In September 2016, after Longo was released from prison, and while he was under supervision, Alicia began receiving emails from "Anthony Falcone" with an email address of TJFalconeMafia1@gmail.com.[3, 4] In the emails, "Anthony Falcone" threatened to kill Longo if Alicia did not respond, or if she told the police about the threats, and indicated on several occasions that Alicia was being watched. The emails progressed to include threats to Alicia. In one email to Alicia, "Anthony Falcone" stated, "You want out of the family it's going to have to be your life."

After receiving information that Longo had violated a condition of supervision prohibiting threatening communications, Northumberland County

---

[3] Alicia's mother, Kathleen Durkin ("Durkin"), also received emails from the TJFalconeMafia1@gmail.com account.

[4] At trial, Alicia testified that Longo had previously led her to believe that his family was involved in the mafia, and that there had been incidents in which Longo threatened her by telling her that his cousin Anthony would kill her family. **See** N.T., 11/28/17, at 99-100; **see also id.** at 52-53, 56 (wherein Durkin confirmed that Longo had previously mentioned his cousin Anthony to threaten Alicia). Alicia also testified that she had asked Longo's father whether there was anyone in his family named Anthony, and his father replied that there was not. **See id.** at 130-31.

Probation[5] made contact with Longo and conducted a search, during which two cell phones were recovered.

The cell phones were eventually turned over to the Selinsgrove Police Department, and the police applied for and obtained a search warrant to examine the contents of the phones. During the search, the police discovered that the TJFalconeMafia1@gmail.com account was set up on one of the cell phones. The police saw the messages that had been sent to Alicia, and confirmed that the emails that Alicia and Durkin had received were sent from the account open on the cell phone.

Following a jury trial, Longo was convicted of two counts of stalking and one count of intimidation of a witness. On February 8, 2018, the trial court sentenced Longo to concurrent prison terms of 14 months to 5 years for the stalking charges, and a consecutive prison term of 16 months to 7 years for the intimidation of a witness charge. The trial court also ordered Longo's sentence to be served consecutively to his Northumberland County sentence.

Longo filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Longo raises the following issue for our review:

> Whether the trial court erred in admitting emails and transcripts of emails over the objection of defense counsel where the emails were not authenticated, the author of the emails could not be

_____

[5] Longo had originally been placed under the supervision of Snyder County Probation. However, as Longo was residing in Northumberland County, his supervision was transferred to Northumberland County Probation. **See** N.T., 11/28/17, at 76-77.

- 3 -

ascertained and [which] were ultimately offered for the truth of the matter asserted?

Brief for Appellant at 4.

Longo argues that the proffered email evidence was hearsay, and was not properly authenticated. *Id.* at 9. Longo claims that he did not stipulate to either his ownership of the cell phones retrieved during the search, or the chain of custody of the cell phones. *Id.* at 10. Longo also points out that the probation officer who had conducted the search did not testify at trial. *Id.* Additionally, Longo claims that another individual had access to his Facebook account.[6] *Id.* at 11.

In both his Statement of Questions Involved and his Argument, Longo conflates the issues of authentication and hearsay. Longo additionally fails to cite to or discuss any Rules of Evidence pertaining to either the authentication of evidence or the rule against hearsay. *See* Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Further, although Longo's Argument includes some references to trial testimony, albeit without citations to the notes of testimony, *see* Pa.R.A.P. 2119(c), he fails to explain why such testimony is relevant to

---

[6] It is unclear from the record whether Alicia or Durkin received any messages through the "Anthony Falcone" Facebook profile. However, Durkin testified that she located the Anthony Falcone Facebook profile, which had been set up the night before Alicia began receiving emails from the TJFalconeMafia1@gmail.com account. *See* N.T., 11/28/17, at 71-72. Durkin also noted that Anthony Falcone's Facebook "friends" were the "usual group of friends that [Longo] has." *Id.* at 71. Further, Alicia testified that Longo maintained Facebook accounts for at least two other "alter egos." *See id.* at 101, 104-05.

either claim. Because Longo's claims concerning authentication and hearsay are not adequately developed so as to permit appellate review, they are waived. *See Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) (stating that "arguments which are not appropriately developed are waived."); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2018