J-S21011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT L. LONGO, JR. | : | |
| | : | |
| Appellant | : | No. 1591 MDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000404-2016

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                                    **FILED JULY 29, 2022**

Appellant, Robert L. Longo, Jr., appeals from the November 8, 2021 Order entered in the Snyder County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  After careful review, we affirm.

The facts and procedural history relevant to our disposition are as follows.  On November 28, 2017, a jury convicted Appellant of one count of Intimidation of a Witness and two counts of Stalking.[1]

On February 8, 2018, the trial court sentenced Appellant to concurrent terms of incarceration of 14 months to 5 years for his Stalking convictions and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The victim of Appellant's crimes was his ex-wife, Alicia Durkin, to whom he sent threatening letters from prison and, once released, threatening emails which he signed with the pseudonym "Anthony Falcone."

a consecutive term of incarceration of 16 months to 7 years for his Intimidation of a Witness conviction.

Appellant filed a direct appeal from his Judgment of Sentence, challenging the admission of certain evidence over Appellant's hearsay and authentication objections. On December 12, 2018, this Court affirmed, finding that Appellant had waived his issue on appeal by failing to adequately develop it in his appellate brief. **See Commonwealth v. Longo**, 203 A.3d 309 (Pa. Super. filed Dec. 12, 2018) (unpublished memorandum), *appeal denied*, 217 A.3d 213 (Pa. 2019).

On July 5, 2019, Appellant *pro se* filed a PCRA petition. The PCRA court appointed Jeana A. Longo, Esquire, to represent Appellant. On September 17, 2019, Appellant filed a counselled amended PCRA petition in which he asserted that his trial counsel had been ineffective for not objecting to the Commonwealth's closing argument,[2] for failing to object to venue, and for waiving Appellant's claims on appeal by filing a deficient brief. Following a hearing, on October 24, 2019, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*.

Appellant timely filed a notice of appeal *nunc pro tunc*. In that appeal, Appellant claimed that he was deprived of his constitutional right to a fair trial

---

[2] Appellant specifically challenged the Commonwealth's statement that "There's no Anthony Falcone. He had the opportunity to bring that guy here today, but no, he's not going to…" Appellant asserted that trial counsel should have objected to this statement because it "implied to the jury that he had the burden of proving his innocence." Petition, 9/17/19, at ¶ 22.

when the Commonwealth implied in its closing argument that Appellant had the burden of proof and that the trial court erred in admitting as evidence emails that were not properly authenticated.[3]  On June 23, 2020, this Court affirmed Appellant's judgment of sentence, concluding that Appellant had waived his claim that the Commonwealth's statement violated his right to a fair trial by not lodging a contemporaneous objection to it or seek any curative instruction and that the trial court did not abuse its discretion in admitting the emails into evidence.  *See Commonwealth v. Longo*, 2020 WL 3441247 at *2, *5 (Pa. Super. filed June 23, 2020) (unpublished memorandum), *appeal denied*, 240 A.3d 101 (Pa 2020).

On February 4, 2021, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed Brian W. Ulmer, Esquire, who, on July 26, 2021, filed an amended PCRA petition.  In the amended petition, Appellant claimed that his trial counsel was ineffective for failing to "preserve multiple objections to testimony at trial regarding hearsay statements of his father" and that Attorney Longo was ineffective because she "failed to preserve the issue through PCRA and appeal."[4]  Amended Petition, 7/26/21, at ¶ 17.  Appellant

---

[3] Attorney Longo represented Appellant during this direct appeal.

[4] In the petition, Appellant did not specify the contents of the testimony Appellant alleged was hearsay or which witness offered the alleged hearsay testimony.  However, we glean from the notes of testimony from Appellant's November 8, 2021 PCRA hearing that Appellant believed that his counsel should have objected to Alicia Durkin's testimony that she had asked Appellant's father whether there was anyone in his family named "Anthony" and Appellant's father had replied that there was not.

- 3 -

also asserted that Attorney Longo was ineffective because she failed to raise on direct appeal Appellant's claim that the Commonwealth improperly implied in its closing argument that Appellant had the burden of proving his innocence. *Id.*

The PCRA court held a hearing on Appellant's petition at which Appellant's trial counsel, Michael O'Donnell, Esquire, and Attorney Longo testified. At the conclusion of the hearing, the PCRA court dismissed Appellant's claims as meritless. In particular, the court concluded that neither attorney was ineffective for not challenging the testimony Appellant claimed was hearsay because the testimony was not, in fact, hearsay. N.T. PCRA Hr'g, 11/8/21, at 26. The PCRA court also found meritless Appellant's assertion that Attorney Longo should have raised on direct appeal the claim that the Commonwealth improperly implied during its closing argument that Appellant bore the burden of proof, concluding that the Commonwealth's statement constituted "fair commentary on [Appellant's] own testimony. It does not represent a shifting of the burden of proof." *Id.* at 27.

This appeal followed. Appellant complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement. The PCRA court did not file a Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

1. Did error occur where the [c]ourt denied post-conviction relief, despite the fact that first counsel failed to preserve multiple objections to testimony at trial regarding hearsay objections of [Appellant's] father and second counsel failed to preserve the issue through PCRA and appeal?

2. Did error occur where the [c]ourt denied post-conviction relief, despite the denial of [Appellant's] constitutional rights when the prosecution made improper statements at closing argument during trial improperly stating the burden of proof and second counsel failed to preserve the issue on appeal?

Appellant's Brief at 4.

As an initial matter, we must determine whether Appellant has sufficiently developed his ineffective assistance of counsel claims for appellate review. Appellate briefs "must conform to the requirements of the Pennsylvania Rules of Appellate Procedure" and this Court may dismiss or quash an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005). *See also* Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal).

Here, Appellant has included citation to boilerplate case law pertaining to our standard of review of PCRA court orders and the elements of an ineffective assistance of counsel claim. He has not, however, provided citation to any relevant authority regarding hearsay or the denial of constitutional rights arising from a prosecutor's closing statement. *See* Pa.R.A.P. 2119(a) (requiring, *inter alia*, discussion and citation or pertinent authorities). *See also Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that it is an appellant's duty when briefing issues to present arguments that are sufficiently developed with pertinent discussion, references to the record, and citations to legal authorities). Moreover, with respect to his claim arising from alleged hearsay testimony, Appellant has

failed to identify who offered the offending testimony and the contents of the testimony, and has not cited to the place in the notes of testimony from his trial where this testimony is located as required by Pa.R.A.P. 2119(c). With respect to his claim that the Commonwealth's closing statement violated his constitutional rights, Appellant has similarly failed to include in his Brief the contents of the statement or citation to the notes of testimony where the statement occurred. *Id.*

Because Appellant's claims are not adequately developed so as to permit appellate review, they are waived. *See Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) (stating that "arguments which are not appropriately developed are waived.") (citation omitted); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2022