J-A09026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA AARON MONIGHAN | : | |
| | : | |
| Appellant | : | No. 328 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 20, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0001479-2021

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

JUDGMENT ORDER BY OLSON, J.:          **FILED: MARCH 31, 2023**

Appellant, Joshua Aaron Monighan, appeals *pro se*[1] from the judgment

of sentence entered on January 20, 2022. We dismiss this appeal.

On January 20, 2022, following a bench trial, Appellant was found guilty

of possessing a small amount of marijuana for personal use, driving an

unregistered vehicle, driving without a license, and driving without evidence

_____

[1] Appellant is not indigent. **See** N.T. Waiver of Counsel Hearing, 8/19/21, at 3. Further, during an August 19, 2021 hearing before the trial court judge, Appellant waived his right to be represented by counsel and the trial court conducted a colloquy to ensure that Appellant's waiver of his right to counsel was knowing, voluntary, and intelligent. **See id.** at 3-6; **see also** Pa.R.Crim.P. 121(A) and (C); **Commonwealth v. Phillips**, 141 A.3d 512, 521 (Pa. Super. 2016) ("once a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a substantial change in circumstances").

of an emission inspection.[2] That day, the trial court sentenced Appellant to serve 30 days of probation and to pay fines and the cost of prosecution. N.T. Sentencing, 1/20/22, at 70-72. On February 18, 2022, Appellant filed a timely notice of appeal.

Within Appellant's brief to this Court, Appellant lists 24 separate legal issues in his statement of questions involved. However, none of the issues raise any cognizable claim for relief and the vast majority of the issues are incomprehensible fragments of a sentence. *See* Appellant's Brief at 11-12. Further, Appellant does not raise any of the issues in the argument section of his brief and Appellant's argument to this Court is unintelligible and unsupported by either facts or law. *See id.* at 18-19.

The failings in Appellant's brief substantially impede our ability to conduct meaningful appellate review of Appellant's claims, as we are unable to discern the issues Appellant wishes this Court to review. As such, we dismiss this appeal. *See* Pa.R.A.P. 2101 ("[b]riefs and reproduced records shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); *see also Commonwealth v. Postie*, 110 A.3d

---

[2] 35 P.S. § 780-113(a)(31)(i) and 75 Pa.C.S.A. §§ 1301(a), 1501(a), and 4706(c)(5), respectively.

1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

Appeal dismissed. Jurisdiction relinquished. Oral argument scheduled for April 12, 2023, cancelled. Request for Certified Legal Intern to Represent the Commonwealth at oral argument denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2023