J-A13030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN SCOTT FOUNTAIN | : | |
| | : | |
| Appellant | : | No. 944 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 27, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006836-2018

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY BOWES, J.:   **FILED DECEMBER 14, 2023**

I am constrained to agree with my esteemed colleagues that Fountain did not expressly waive his right to counsel at any point in the proceedings, though he did forfeit that right prior to commencement of his first and second trials based on his dilatory and obstructionist behavior.  I also acknowledge that, pursuant to our caselaw as it relates to Pa.R.Crim.P. 121, the trial court's error in failing to colloquize Fountain before allowing him to proceed *pro se* at the third trial entitles him to relief, despite his prior forfeiture.  However, I write separately to advocate that our High Court expand the "ongoing waiver" rule, which we adopted in **Commonwealth v. Phillips**, 141 A.3d 512 (Pa.Super. 2016), to apply to situations involving the forfeiture of the right to counsel by a defendant's actions.  Doing so would prevent future scenarios

_____

[*] Former Justice specially assigned to the Superior Court.

where, like here, a defendant knowingly abuses the legal system and clogs the administration of justice through misconduct serious enough to warrant forfeiture of counsel, yet is rewarded with a new trial because of a technical error despite no change in circumstances following the forfeiture.

I begin with a brief overview of the ongoing waiver doctrine. That rule, which this Court adopted in 2016, states that "once a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a substantial change in circumstances." **Phillips**, **supra** at 521. We expressly declined to delineate the "facts under which we would find a substantial change in circumstances." **Id**. at 521 n.4. However, in that case, this Court did note that the passage of a few months did not constitute such a change, and, therefore, a waiver of counsel made at a suppression hearing endured through a later hearing on a motion *in limine*. **Id**. at 521.

As the doctrine is a relatively new addition to Pennsylvania law, it appears to have been applied exclusively to circumstances where there was an explicit **waiver** of the right to counsel following a Rule 121 colloquy. My review of the law does not reveal that it has been applied to circumstances involving **forfeiture** of that right through a defendant's actions. However, I see no principled reason why it should not apply with equal force to loss of counsel by forfeiture, and therefore call for its extension to any situation where a defendant enters *pro se* status, whether through waiver or forfeiture. Indeed, if the rule were not applied consistently in both types of cases, then

the law would potentially penalize those who knowingly waive the right to counsel by subjecting them to an ongoing waiver over those who, through deliberate and serious misconduct, forfeit that right and then continue to game the judicial system. In other words, it would reward and incentivize a defendant's improper conduct.[1]

If the doctrine applied to the instant case, I deem it clear that Fountain's relinquishment of the right to counsel, occurring prior to the second trial, would remain steadfast through his third trial. There was no substantial change of circumstances between the mistrial at the conclusion of Fountain's second trial and the beginning of his third that would entitle him to relief. Although approximately ten and one-half months had elapsed during that time, this lapse alone did not create any change in circumstance. **See Phillips**, **supra** at 521.

Additionally, the certified record shows that Fountain never made a request for counsel before his third trial began. Rather, he continued to assert to the trial court that he wished to represent himself, noting only that he

---

[1] Additionally, this expansion of the ongoing waiver rule would not conflict with our law stating that "a waiver of counsel colloquy must occur at every 'critical stage' of a criminal proceeding." **See**, **e.g.**, **Commonwealth v. Baker**, 464 A.2d 496, 499 (Pa.Super. 1983). In my view, this colloquy requirement only arises in situations where a defendant has **not** already waived or forfeited his right to counsel. **See Commonwealth v. Phillips**, 141 A.3d 512 (Pa.Super. 2016) (stating that our cases do not mandate that "a waiver-of-counsel colloquy must be **repeated** at every critical stage of the prosecution. Instead, they highlight the fact that the question of waiver may arise for the first time at various stages, and that when it arises, if ever, the court must conduct a thorough waiver-of-counsel colloquy." (emphasis in original)).

wanted to have different standby counsel appointed. He also took no steps to correct the court when it subsequently informed the potential jurors during *voir dire* that he was proceeding *pro se*. **Id**. In the same vein, standby counsel never objected to or clarified these remarks. In short, it was clear to everyone that Appellant was continuing to represent himself without the benefit of counsel throughout the third trial, just as he had in his prior two trials based upon the forfeiture.

Under the facts before us, I see no "substantial change in circumstances" between Appellant's forfeiture of counsel and the commencement of his third trial. **Phillips**, **supra** at 521. Hence, if defendants who achieved *pro se* status through their own bad acts were treated the same as, instead of better than, those who voluntarily relinquished their right to counsel, Fountain would have no valid claim of error.

However, bound to faithfully apply the precedent that now constrains me, I concur in the Majority's disposition of this appeal. To prevent a situation like this from arising again, I ask our Supreme Court to expand the ongoing waiver doctrine so that it applies to *pro se* status generally, including a defendant's forfeiture of the right to counsel by his conduct.