**[J-38-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


COMMONWEALTH OF PENNSYLVANIA,    :   No. 65 MAP 2024
                                       : 
           Appellant               :   Appeal from the Order of the
                                         :   Superior Court at No. 944 MDA
                                         :   2022, entered on December 14,
           v.                     :   2023, Vacating and Remanding the
                                           :   Judgment of Sentence of the York
                                             :   County Court of Common Pleas,
KEVIN SCOTT FOUNTAIN,              :   Criminal Division, at No. CP-67-CR-
                                           :   0006836-2018 entered on January
           Appellee               :   27, 2022.
                                             : 
                                             :   ARGUED: October 7, 2025


**DISSENTING STATEMENT**


**JUSTICE WECHT**                                       **DECIDED: March 26, 2026**

We granted allowance of appeal in order to decide whether "the Superior Court err[ed] by failing to treat forfeiture of counsel as a test involving a continuing pattern of behavior akin to the 'ongoing waiver' rule where there was no substantial change in circumstance and where Defendant repeatedly exhibited dilatory conduct[?]"[1]

Today, without explanation, this Court declines to answer the question, opting instead to dismiss the appeal as improvidently granted.

This Court has yet to address the "ongoing waiver" doctrine that our Superior Court adopted a decade ago.[2] Nor have we considered the extension of such waiver into an "ongoing forfeiture" of counsel rule. These are important matters of first impression implicating the scope of the right to counsel. I have discovered no jurisdictional defect,

---

[1] *Commonwealth v. Fountain*, 325 A.3d 450 (Pa. 2024) (*per curiam*).

[2] *See Commonwealth v. Phillips*, 141 A.3d 512, 520-21 (Pa. Super. 2016).

procedural hurdle, or mootness problem. The only thing that seems to have changed since we granted review is this Court's willingness to consider the significant legal issue of whether repeated dilatory and disruptive conduct can constitute an ongoing forfeiture of one's right to counsel. Having received ample briefing and oral argument, we should use this opportunity to clarify the application of the ongoing forfeiture doctrine for the bar, the bench, and the public.

Instead, the extensive time and effort expended by this Court and the parties go for naught, as does the opportunity to elucidate an important aspect of the law governing criminal defendants' right to counsel. I would answer the question that we set out to answer. I respectfully dissent.

Justice Mundy joins this dissenting statement.