J-S08011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLEN LEVAR NOWLIN | |
| Appellant | No. 406 WDA 2016 |

Appeal from the Judgment of Sentence dated January 30, 2015
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002119-2012

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 26, 2017**

*Pro se* Appellant Allen Levar Nowlin appeals *nunc pro tunc* from the judgment of sentence entered following his convictions of illegal possession of a firearm and carrying a firearm without a license.[1]  We affirm.

This case arises out of an undercover police operation involving a confidential informant, Troy Jukes.[2]  Prior to trial, Appellant sought to suppress evidence, including the gun he was accused of possessing, on the ground that the evidence was the fruit of illegally intercepted phone calls he

---

[1]  18 Pa.C.S. §§ 6105, 6106.

[2]  Appellant was also charged with drug offenses in connection with this investigation.  Prior to his trial, he moved to sever the drug charges from the gun charges, and the trial court granted that motion.  Appellant also successfully moved to exclude any evidence of the drugs at his trial for the weapons offenses.

had with Jukes. Appellant alleged that Jukes had not consented to the intercepts. Appellant filed a *pro se* motion to suppress, and each of the two attorneys who represented him also filed motions to suppress. All of the motions were based on the same theory. The trial court, after several hearings on the issue, concluded that Jukes had provided valid consent and denied the motions to suppress.

Appellant was tried by a jury from September 18-19, 2014. At trial, the parties stipulated that Appellant had prior felony convictions that precluded him from possessing a firearm; Appellant did not have a concealed weapons permit and his convictions precluded him from obtaining such a permit; and the firearm at issue was operable. N.T., 9/18/14, at 23-24. The only contested issue was whether Appellant possessed the firearm.

The Commonwealth's witnesses testified as follows. In the early morning hours of September 7, 2012, members of the Altoona Police Department narcotics and vice unit, along with other law enforcement officers, conducted a surveillance operation in the parking lot of Walmart Plaza. Undercover Detective Sergeant Troy Johannides drove confidential informant Troy Jukes[3] to the parking lot that night. Jukes exited the car and waited for Appellant to come out of the Walmart. Once Appellant came out, he and Jukes walked to Appellant's car. Inside the car, Jukes saw a gun in

---

[3] Jukes was facing felony drug charges and hoped that by cooperating with the police he could avoid jail time. N.T., 9/18/14, at 73-74.

Appellant's waistband. He left the car and told police about the gun. He then returned to Appellant's car a second time. After Jukes again returned to Detective Johannides car, the detective instructed the arrest team to apprehend Appellant. N.T., 9/18/14, at 45-53, 75-80, 160-65.

As Appellant drove out of the Walmart parking lot, several police cars, using their lights and sirens, pursued him. Appellant's car accelerated, and Corporal Nathan Snyder, who was immediately behind Appellant's car in a marked police car, saw an object fly out of the passenger side window of Appellant's car. Corporal Snyder saw sparks when the object hit the ground, and when he got closer, he saw that the object was a semiautomatic pistol. Corporal Snyder radioed other officers to inform them of the gun and continued to pursue Appellant. Appellant's vehicle accelerated, reaching a speed of 120 miles per hour. Appellant stopped as he approached spike strips deployed by the police. Appellant, who was the only person in the car, was arrested. N.T., 9/18/14, at 53-57, 98-107.

Officer Thomas Venios was in the area and responded to the radio call regarding the discarded firearm. Within a minute and a half of receiving the call, he arrived in the area where Corporal Snyder had seen the object come out of Appellant's car. Officer Venios found the gun, as well as a magazine and two loose bullets, in that area. The gun was significantly damaged. Police recovered a partial palm print from the gun. They were not able to definitively include or exclude Appellant as the source of the print, because

the palm print they had for Appellant was incomplete and of poor quality. Police did not find a match for the palm print in the Automated Fingerprint Identification System ("AFIS") database. The gun, magazine, and bullets were introduced into evidence at trial. N.T., 9/18/14, 32-33, 128-43.

Appellant testified in his own defense, conceding that he led the police on a high-speed chase on the morning of September 7, 2012, but denying that he possessed a gun or threw a gun out of his car window that morning. He also put on the pants he had been wearing that night, which were very loose in the waist. N.T., 9/18/14, at 195-97.

At the conclusion of the trial, the jury found Appellant guilty of both weapons charges. On January 30, 2015, the trial court imposed an aggregate sentence of eight and one-half to seventeen years' incarceration.[4] On February 9, 2015, Appellant filed a timely post-sentence motion. On April 15, 2015, the trial court issued an opinion and order denying Appellant's post-sentence motion. Appellant did not file a timely notice of appeal.

_____

[4] Appellant cites 42 Pa.C.S. § 9712.1(a) in his brief. That statute provided for a mandatory minimum sentence of five years' incarceration for any person convicted of certain violations of the Controlled Substance, Drug, Device and Cosmetic Act if, at the time of the offense, the person was in physical possession or control of a firearm. The statute has been declared unconstitutional. *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). Appellant was not sentenced under Section 9712.1(a), and he does not argue that his sentence was illegal. Section 9712.1(a) is not relevant to the convictions at issue in this appeal.

On September 14, 2015, Appellant filed a Motion for Appeal *Nunc Pro Tunc*. The trial court granted that motion on January 25, 2016, and ordered Appellant to file a notice of appeal within twenty days. Appellant complied with that order by filing a notice of appeal on February 11, 2016.

On March 31, 2016, Appellant filed a "Notice of Request to Proceed *Pro Se*" and a "Notice of Request for a **Grazier** hearing." On April 6, 2016, this Court ordered the trial court to "conduct a colloquy of Appellant pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), in order to determine if Appellant desires to proceed *pro se* and, if so, if such request to proceed *pro se* is knowing, voluntary, and intelligent." The trial court complied with this order, held a **Grazier** hearing, and determined that Appellant's waiver of counsel was valid.

Appellant raises the following issues in his *pro se* brief:

1) Whether the Common Pleas Court of Blair County, erred by failing to suppress or exclude the firearm that [Appellant] was charged with?

2) Whether the Common Pleas Court of Blair County, erred by failing to exclude a firearm that was not found in the possession of [A]ppellant?

3) Whether the Common Pleas Court of Blair County, erred by allowing into evidence a firearm that was found in a roadway against [A]ppellant?

4) Whether the District Attorney's Office of Blair County, committed prosecutorial misconduct, when it introduced evidence against [A]ppellant that could not be attributed to him or found in his possession?

Appellant's Brief at 4 (pagination added). In short, Appellant claims that the firearm should not have been admitted into evidence because the Commonwealth did not prove he possessed it.

Our rules of appellate procedure provide that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "This requirement bars an appellant from raising 'a new and different theory of relief' for the first time on appeal." *Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) (citation omitted), *appeal denied*, 425 MAL 2016 (Pa. Nov. 22, 2016).

Appellant did file several pretrial motions to suppress the gun, but he never argued in those motions that the gun was inadmissible because there was insufficient evidence linking him to it. Instead, Appellant contended that the gun was the fruit of illegally intercepted phone conversations. Because Appellant did not argue in the trial court that the gun was inadmissible because there was insufficient proof he possessed it, his argument of that issue on appeal is waived. *See Phillips*, 141 A.3d at 522; *Commonwealth v. Thur*, 906 A.2d 552, 566 (Pa. Super. 2006) ("When a defendant raises a suppression claim to the trial court and supports that claim with a particular argument or arguments, the defendant cannot then raise for the first time on appeal different arguments supporting suppression"), *appeal denied*, 946 A.2d 687 (Pa. 2008).

Even if it were properly preserved, Appellant's argument is meritless. Our standard of review is deferential: "The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." **Commonwealth v. Woodard**, 129 A.3d 480, 494 (Pa. 2015) (quotation marks and citations omitted), **cert. denied**, 137 S. Ct. 92 (2016). "[A]n abuse of discretion is not merely an error of judgment; rather, discretion is abused if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or it is the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record." **Commonwealth v. Selenski**, ___ A.3d ___, ___, 2017 WL 1024606, *4 (Pa. Super. 2017) (citation, quotation marks, and brackets omitted).

In general, "[a]ll relevant evidence is admissible, except as otherwise provided by law." Pa.R.Evid. 402. Evidence is relevant if "it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Pa.R.Evid. 401. "[T]he threshold for relevance is low due to the liberal '*any* tendency' prerequisite." **Brady v. Urbas**, 111 A.3d 1155, 1162 (Pa. 2015) (emphasis in original; citing Pa.R.Evid. 401); **Selenski**, ___ A.3d at ___, 2017 WL 1024606 at *5. Real evidence, such as "[p]istols, fruits of the crime, clothing, . . . everything pertaining to the crime which will aid the jury in its consideration of the (alleged) crime and the guilt or innocence of the accused, is admissible.

- 7 -

This has been the law for centuries." ***Commonwealth v. Novak***, 150 A.2d 102, 108 (Pa. 1959) (quotation marks and citation omitted), ***cert. denied***, 361 U.S. 882 (1959).[5]

Real evidence is admissible even if it is not definitively linked to the accused. "So long as a proper foundation is laid to show the relevance of the evidence, it can be admitted; the question then becomes the weight that should be assigned to it by the fact finder." ***Commonwealth v. Martinez***, 380 A.2d 747, 750 (Pa. 1977). In ***Martinez***, the Court held that a knife sheath found in the immediate area of the stabbing was admissible where a police officer testified that he found the sheath within one hour of the stabbing and that he had been at the crime scene continuously for that period. ***Id.*** at 749-50. In addition, a witness to the stabbing testified he saw Martinez holding something in his hand that looked like a knife sheath, but the witness could not positively identify the sheath introduced into evidence as the one he had seen Martinez holding. ***Id.*** at 749. The Court concluded that the Commonwealth had laid an adequate foundation for admission of the sheath, and that it was for the jury to determine what weight the evidence should be given:

---

[5] We may rely on caselaw that predates the enactment of the Pennsylvania Rules of Evidence as long as it is consistent with the current rules. ***Commonwealth v. Aikens***, 990 A.2d 1181, 1185 n.2 (Pa. Super. 2010), ***appeal denied***, 4 A.3d 157 (Pa. 2010).

> On that point counsel was free to argue, as he did, that the sheath found by the officer was not clearly shown to have been [Martinez's] and that it could have been placed there by other witnesses to the stabbing. We think the trial court could properly conclude that the jury was capable of assessing the probative value of the sheath in light of all the surrounding facts.

*Id.* at 750; *see also Commonwealth v. Williams*, 464 A.2d 411, 419 (Pa. Super. 1983) (holding facts that knife and shirt were similar to those used in the crime and were found in the street along the route that Williams took as he fled were sufficient to establish relevance and thus admissibility of the knife and shirt).

Here, Troy Jukes testified that he saw a gun in Appellant's waistband. Corporal Snyder testified that a short time later, as Appellant was speeding away, he saw an item fly out of the window of Appellant's car. Appellant was the only occupant of the car, and Corporal Snyder could see that the item was a gun. Moreover, Officer Venios found a gun in the area Corporal Snyder described shortly after Corporal Snyder reported seeing the gun. The gun was damaged, which the jury could infer was consistent with being thrown out of a car window at a high rate of speed. Accordingly, we agree with the trial court that the Commonwealth laid an adequate foundation linking the gun to Appellant, and that the trial court therefore did not abuse its discretion in admitting the gun into evidence. *See Martinez*, 380 A.2d at 750; *Williams*, 464 A.2d at 419.

Judgment of sentence affirmed.

President Judge Gantman joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2017