J. S21022/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN K. BROOKS, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1108 WDA 2016 |

Appeal from the Judgment of Sentence June 24, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000660-2015

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                                  **FILED JUNE 23, 2017**

Appellant, Brian K. Brooks, appeals from the June 24, 2016 Judgment of Sentence entered in the Westmoreland County Court of Common Pleas. On appeal, Appellant challenges the discretionary aspects of his sentence, as well as the legality of his sentence under the proportionality requirement of the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution. After careful review, we affirm.

The trial court summarized the relevant factual and procedural history as follows:

On August 25, 2015, [Appellant] entered a general guilty plea before [the Honorable Christopher A. Feliciani] to the following Counts:

---

[*] Retired Senior Judge assigned to the Superior Court.

1.) Home Improvement Fraud: Receives any Advance Payment for Services and Fails to Perform, in violation of 73 P.S. § 517.8(A)(2);

2.) Theft by Deception-False Impression, in violation of 18 Pa.C.S.[] § 3922(A)(1); and

3.) Deceptive Business Practices-Sale Less than the Represented Quantity, in violation of 18 Pa.C.S.[] § 4107(A)(2).

A sentencing hearing was scheduled before [the c]ourt on June 24, 2016. Prior to sentencing, defense counsel requested that the hearing be postponed to allow Tammy Jeffries, the owner of Jeffries Paving, to testify on [Appellant's] behalf. [Appellant] relayed that he spoke to Mrs. Jeffries and he was negotiating with her to try to get the money back that he owed to the victim, Vincent McClure. Despite [Appellant's] initial statement, he later testified that he did not speak with Mrs. Jeffries and that he lied under oath. [The court sentenced Appellant] to six (6) months to five (5) years [of] incarceration at the Department of Corrections at Counts One and Two. At Count Three, [the court sentenced Appellant] to eighteen (18) months to five (5) years [of] incarceration to run concurrent to Counts One and Two. Further, he was also ordered to pay restitution in the amount of $10,430.99 to Mr. McClure and to have no contact, directly or indirectly, with the victims.

Trial Court Opinion, filed 9/9/16, at 1-2.

Appellant did not file any post-sentence motions. Appellant did file a timely Notice of Appeal to this Court. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following two issues for our review:

1. Whether the court abused its discretion in imposing a sentence of state incarceration[?]

2. Whether the court violated the Eighth Amendment and Article I, Section 13, in imposing a sentence of state incarceration[?]

Appellant's Brief at 6 (reordered).

## **Discretionary Aspects of Sentence**

Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, our careful review of the record, including the sentencing transcript, reveals that Appellant failed to properly preserve his challenge to the discretionary aspects of his sentence. He did not raise the issue at sentencing, and failed to file a Motion to Reconsider and Modify Sentence. Therefore, Appellant has waived this claim. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (finding that, although the appellant raised a substantial question regarding the discretionary aspects of his sentence, he waived the issue by failing to preserve it in a post-sentence motion or at sentencing).

Because we conclude that Appellant failed to preserve his challenge to the discretionary aspects of his sentence we will not address the merits of this claim.

**Constitutional Challenge to Legality of Sentence**

In his second issue, Appellant purports to challenge the legality of his sentence under the ban on cruel and unusual punishment codified in the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution. Appellant's Brief at 10. In fact, Appellant's claim is little more than a restatement of his challenge to the discretionary aspects of his sentence. He fails to provide a single citation to either the Pennsylvania Constitution or case law interpreting Article I, Section 13's proportional sentencing requirement. Although his Brief includes a single paragraph with background on the Eighth Amendment's ban on cruel and unusual punishment, the discussion that follows is limited to a discussion of the Sentencing Guidelines and the mitigating factors in Appellant's case. *See* Appellant's Brief at 10-12 (listing the three criteria for analyzing sentence proportionality under the Eighth Amendment outlined in ***Commonwealth v. Spells***, 612 A.2d 458, 462 (Pa. Super. 1992), but failing to discuss, analyze, or apply the criteria to the facts of his case)).

We conclude that Appellant waived this issue for failing to develop it as required by our rules of appellate procedure. *See* Pa.R.A.P. 2101-2119; ***Commonwealth v. Phillips***, 141 A.3d 512, 522 (Pa. Super. 2016)

("Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." (citation and quotation omitted)); **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant." (citation and quotation marks omitted)).

Even if Appellant's issues were not waived, we would conclude that they are without merit. In **Commonwealth v. Baker**, our Supreme Court analyzed and applied the three prong test for determining whether a sentence violates constitutional prohibitions on cruel and unusual punishment, which calls on courts to consider "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." **Commonwealth v. Baker**, 78 A.3d 1044, 1047 (Pa. 2013) (citing **Commonwealth v. Spells**, 612 A.2d 458, 462 (Pa. Super. 1992) (*en banc*)). As our Supreme Court noted, courts should only consider the second and third prong of the analysis if "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." **Id.** at 1047-48 (citation and quotation omitted). If gross disproportionality is not found, the claim should be denied, and "successful [proportionality] challenges are extremely rare." **Id.** at 1048.

In the instant case, Appellant does not argue that the Sentencing Guidelines prescribe a punishment that is disproportionate to the offense committed. To the contrary, Appellant concedes that the Sentencing Guidelines "set a consistent standard for sentencing throughout the Commonwealth" and "result[] in generally proportional sentences for each defendant." Appellant's Brief at 11. Nor does Appellant argue that his sentence fell outside of the standard range of the Sentencing Guidelines. Instead, Appellant avers that the trial court erred in not imposing a sentence within the **mitigated** range of the Sentencing Guidelines, and that this failure resulted in a disproportionate sentence. We disagree.

Appellant pled guilty to, *inter alia*, Deceptive Business Practices for taking over $10,000 in payments from the victims and then not performing any of the work for which he was paid. At the sentencing hearing, Appellant deliberately misled the sentencing court and later in the proceedings, admitted to lying to the court. Appellant had a prior record score of 3, and the offense gravity score in the instant case was 7. Appellant and his trial counsel presented the trial court with evidence about his individual circumstances, including Appellant's health and the health of his wife. As the sentencing court explained in its 1925(a) Opinion, it imposed a sentence in the standard range "[d]ue to the nature of the charges, [the victim's] testimony and position, and [Appellant's] fraudulent misrepresentations to the [sentencing c]ourt during the sentencing hearing[.]" Trial Court Opinion

at 4. The aggregate sentence imposed, 18 months to 5 years of imprisonment, fails to meet the threshold requirement of gross disproportionality to the crime committed. We, therefore, conclude that Appellant is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2017