J-S04006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEFAN EVANS, SR. | : | |
| | : | |
| Appellant | : | No. 696 MDA 2017 |

Appeal from the Judgment of Sentence April 13, 2017
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000357-2016

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 23, 2018**

Appellant, Stefan Evans, Sr., appeals *pro* se from the judgment of sentence entered April 13, 2017, following his entry of a guilty plea to one count of aggravated assault with a deadly weapon, 18 Pa.C.S. § 2702(a)(4), on January 24, 2017.  We affirm.

Count two of the information, aggravated assault with a deadly weapon graded as a second-degree felony, charged that Appellant "used a buck knife to cut Stefan Evans, Jr.[, his son, in the] stomach with the folding knife causing a deep long end laceration across the victim's torso, approximately 17 inches long, also cut the victim's hand in two locations…." Information, 6/20/16, at Count 2.

The trial court summarized the procedural history of the case, as follows:

The charges arose from an alleged physical altercation between Appellant and his adult son wherein Appellant attacked his son with a pocket knife and cut his abdomen 17 inches. Appellant waived his May 24, 201[6] preliminary hearing and June 27, 2016 formal arraignment while being represented by counsel, Richard Wilson, Esquire of the Bradford County Public Defender's Office. A plea hearing was scheduled for August 29, 2016. On August 8, 2016 Appellant filed a "Waiver of Counsel" pro se seeking a hearing to proceed without counsel. A Grazier[1] hearing was held on the date of the scheduled plea hearing, August 29, 2016. After an extensive colloquy, an Order dated August 29, 2016 was entered finding Appellant knowingly and voluntarily waived [his] right to counsel. . . . Appellant did not enter a plea on said date. A criminal pretrial conference was then scheduled for September 13, 2016. The pretrial conference was continued two times at Appellant's request so that he may prepare for trial. Appellant also filed various motions in the meantime such as an Omnibus Pretrial Motion on December 16, 2016, a Motion to Recuse and a Motion Seeking Change of Venue. All such motions were denied as untimely or without merit.

Appellant did file a Motion to Appoint Standby Counsel on December 19, 2016[,] which was granted and his prior counsel, Attorney Richard Wilson, Chief Public Defender, was appointed as standby counsel. At the January 18, 2017 criminal pretrial conference Appellant again waived counsel, but continued to desire standby counsel. Jury selection and trial was scheduled to begin January 23, 2017. On January 23, 2017 Appellant with standby counsel waived jury trial. An extensive colloquy was conducted regarding the waiver of jury trial which is similar to that of waiving counsel. Thereafter further colloquy was conducted to insure Appellant continued to waive counsel. Appellant decided at that time he wanted counsel and standby counsel, Richard Wilson, Esquire, became his counsel of record. Trial was to commence on January 24, 2017 at which time Appellant, represented by counsel, entered a plea of guilty to

_____

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Aggravated Assault, 2702(a)(4) as a Felony of the Second degree.[2]

On February 23, 2017, Appellant again filed a "Motion to Waive Counsel" seeking a hearing on said Motion. He also filed a Motion to Withdraw Guilty Plea on March 10, 2017. On April 10, 2017, a Grazier hearing was held. See Trans, 4/10/17 Grazier Hearing, Pgs. 3-5. As Appellant had already entered a plea of guilty, the colloquy questions were limited to his motion to withdraw guilty plea and sentencing. Appellant knowingly and voluntarily waived counsel. See Trans. 4/10/17 Grazier Hearing at pg. 5. Further hearing on Appellant's Motion to Withdraw Guilty Plea was held and denied by Order dated April 12, 2017. See Trans. 4/10/17 Motion to Withdraw Guilty Plea, pgs. 6-10.

Appellant was sentenced on April 13, 2017 to a minimum of 40 months and a maximum of 96 months.[3]

Appellant filed a Notice of Appeal on April 24, 2012 appealing from orders entered on April 10 and April 12, 2017. Appellant was ordered to file a concise statement of Matters Complained of on Appeal which he initially complied with on May 5, 2017. Appellant's statement seeks "review of the abuses of discretion and unlawful rulings exercised by" the trial court and refers to Orders of January 20, 2017 (denying Appellant's Omnibus Motion and Motion in Limine), February 17, 2017 (unaware of an Order with this date) and Order of April 12, 2017 (denial of Motion to Withdraw Guilty Plea). Appellant also makes bare assertions that all involved in his case denied him of [his] right to competent counsel, right to a preliminary hearing, right to challenge evidence, right to confront accusers, right to compulsory process to obtain witnesses, right to withdraw guilty plea and right to trial by judge or jury. On May 9, 2017, Appellant filed an Amended Concise Statement of Matters Complained Of to include "the complaint that the court failed to

_____

[2] The negotiated plea included a sentencing agreement at the "low end of the standard range minimum with the maximum open to the [c]ourt." N.T. (Guilty Plea), 1/24/17, at 1.

[3] The minimum sentence imposed, forty months, was "the very bottom of the standard range," which was "forty months to fifty-two months." N.T. (Sentencing), 4/13/17, at 21.

conduct adequate waiver of counsel colloquy's [sic] as required by law." See footnote to Appellant's Amendment to Concise Statement of Matters Complained of on Appeal.

Trial Court Opinion, 7/26/17, at 1–3. On November 20, 2017, this Court dismissed the appeal for Appellant's failure to file a brief, but we reinstated it *sua sponte* on December 7, 2017, following Appellant's November 30, 2017 filing of "Extraordinary Writ, Constitutional Deprivation," which we accepted as a timely filed brief. Order, 12/7/17.

As noted, on April 26, 2017, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a concise statement on May 5, 2017, and an amended concise statement on May 9, 2017. Appellant's statements failed to identify sufficiently the issues to be raised on appeal. Noting this insufficiency, the trial court stated as follows:

> Here Appellant's Amendment to Concise Statement of Matters Complained sets forth that he is
>
> > "seeking review of the abuses of discretion and the unlawful rulings by Maureen T. Beirne, President Judge, as is evidenced by the Orders she issued on: the 20th of January 2017 (related to a Motion in Limine); February 17, 2017, (related to an Omnibus Motion; and the Order of April 12, 2017 (related to the Argument held on April 10, 2017 pursuant to my filing of a Motion to Withdraw My Induced Guilty Plea."
>
> See Appellant's Statement filed May 9, 2017.
>
> Although Appellant concisely identifies each ruling he wishes to challenge, he fails to provide "sufficient detail to identify all pertinent issues." Therefore, Appellant has waived any error or complaint and his sentence should be affirmed.

Appellant also sets forth in his statement that he will show through documents that the judge, assistant DA and public defender worked in cooperation to deny him due process. He sets forth the rights and protections violated as:

The right to competent counsel, but fails to set forth how counsel was incompetent.

Failure to conduct legal and adequate waiver of counsel colloquy, but fails to state he did not know what he was doing or that it was involuntary.

Right to preliminary hearing but fails to set forth how this right was violated.

Right to challenge the evidence held against him, but fails to set forth how this right was violated.

Right to confront accusers, but fails to set forth how this right was violated.

Right to compulsory process to obtain witnesses, but fails to state how this right was violated.

Right to withdraw an illegally induced guilty plea, but fails to set forth how this right was violated.

Right to trial by judge or jury, but fails to set forth how this right was violated.

These are general boilerplate allegations. Again, Appellant fails to concisely identify each ruling in which the listed general issues were raised and fails to provide "sufficient detail to identify all pertinent issues." The [c]ourt is unable to provide reasons for its rulings without sufficient detail as to what Appellant is claiming was error. Therefore, Appellant has waived said issues and his sentence should be affirmed.

Trial Court Opinion, 7/26/17, at 4–5. We concur that Appellant's Pa.R.A.P. 1925(b) statements are "too vague to allow the court to identify the issues raised on appeal [and are] the functional equivalent of no concise statement at all." *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011).

Moreover, "[a]ppellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017); Pa.R.A.P. 2101. "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Id***.

Appellant's brief fails to comply with multiple rules of appellate procedure, beginning with Pa.R.A.P. 2111(a). The brief fails to include a Statement of the Scope and Standard of Review, a Statement of the Questions Involved,[4] Pa.R.A.P. 2116, a Statement of the Case, Pa.R.A.P. 2117, and a Summary of the Argument, Pa.R.A.P. 2118. Moreover, the argument section of the brief fails to present identifiable, cogent legal arguments with citation to pertinent law and/or the record, in violation of

_____

[4] While there is no statement of the question involved, Appellant peppers his argument with "questions." For example, Appellant poses:

> Question; when the tree of justice has been contaminated by unjustified actions of Court Officials, the fruit of that tree can not ripen until that injustice that contaminated the tree of justice has been corrected and the manifest injustices that has caused that contamination has been removed; Does the Superior Court Justices agree with this analysis?

Appellant's Brief at 4 (*verbatim*).

J-S04006-18

Pa.R.A.P. 2119(c), (e), and Pa.R.A.P. 2132. We find that the considerable defects in Appellant's brief impair our review. Thus, for this reason as well, we conclude that Appellant's issues are waived.

We further note the trial court's reasons for its rulings, as follows:

[T]he reasons for the [c]ourt's [o]rders of January 20, 2017[, relating to Appellant's motions *in limine*,] are set forth in said [o]rders . . . . Appellant's Omnibus Motion was untimely. Appellant's Motion in Limine repeated his Omnibus Motion.

The April 12, 2017 [o]rder denying Appellant's Motion to Withdraw Guilty Plea was entered because there was no colorable demonstration such that permitting withdrawal would promote fairness and justice. "The proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." Commonwealth v. Carrasquillo, 631 Pa. 692, 706[, 115 A.3d 1284, 1292] (Pa. June 15, 2015). Here Appellant made no such colorable demonstration. Appellant made a bare assertion of innocence in the motion. At the hearing/argument, he commented that he [was] not guilty of aggravated assault but guilty of simple assault. Trans 4/10/17 at pg. 7–8. The facts set forth at the sentencing hearing supported the offense of aggravated assault, otherwise, the [c]ourt would not have accepted the plea. The Appellant entered a guilty plea the day trial was to commence. He then filed his petition to withdraw guilty plea within [one] month. Appellant's assertion of innocence is not credible.[5] Throughout the proceedings, Appellant has wavered between requesting counsel and requesting to proceed self-represented. . . .

_____

[5] We observe, in addition, that Appellant stated at the April 10, 2017 hearing on Appellant's motion to withdraw his guilty plea, "I have never, I have never tried to say I was innocent of this charge . . . ." N.T., 4/10/17, at 8.

- 7 -

The only issue that may have been raised properly is Appellant's complaint regarding adequate waiver of counsel colloquy. Therefore that will be addressed here.

At the August 29, 2016 [hearing,] an extensive waiver-of-counsel colloquy was conducted, however, Appellant did not request this transcript. Therefore, the [c]ourt will have same prepared and submitted as a supplement to the record. Appellant answered questions about his age, educational background, and mental health and mental defects and medications. Appellant stated that he understood he had a right to counsel, including the right to be appointed counsel free of charge in the event he could not afford an attorney. The nature of the charges and elements of the offenses were read to Appellant as well as the allegations against him and he stated he understood. Appellant acknowledged he understood the maximum possible penalty for each of the offenses charged. Appellant also indicated he understood he would be held to the same procedural and evidentiary rules as an attorney, and that an attorney would be familiar with those rules[.] In addition, Appellant acknowledged he might have possible defenses that an attorney may be aware of that if not raised at trial could be lost permanently. Finally, Appellant stated he understood that he had many rights that he would have to assert in a timely manner in order to avoid losing them permanently.

Appellant complains in his [Rule 1925(b)] statement that "the court failed to conduct adequate waiver of counsel colloquy's as required by law." He does not state that his waiver was not voluntary, knowing or intelligent. However, the extensive colloquy is more than adequate to comply with Pa.R.Crim.Proc. Rule 121.

Appellant does not state which waiver of counsel colloquy was inadequate, but refers to the transcript of [the] hearing held on April 10, 2017 and April 13, 2017[.] Appellant's complaint is without merit because Pennsylvania Superior [C]ourt has adopted the "ongoing waiver rule." This rule provides that "once a[n] Appellant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a substantial change in circumstances." Commonwealth v. Phillips, 141 A.3d 512, 521 (Pa. Super. Ct. May 19, 2016). Thus the original waiver remained valid. Here there was no substantial change in circumstances. Appellant requested counsel for his trial, then entered a plea of guilty while

- 8 -

represented by counsel. Within one month[], Appellant again requested to proceed pro se. This does not establish a substantial change in circumstances.

Further, a colloquy for waiver of jury trial was conducted on January 23, 2017 providing Appellant with all his rights connected with a jury trial. The colloquy further included questions regarding waiver of counsel and explaining what standby counsel is. It was at this time Appellant requested counsel to represent him. On April 10, 2017, the issues remaining in the matter were [A]ppellant's Motion to Withdraw Guilty Plea and potential sentencing scheduled for 2 days later. Appellant was again asked about his age, education and medications. Further Appellant was advised and acknowledged he understood that he would still be bound by all rules of procedure and knowledge of law that an attorney would be familiar with. Appellant also acknowledged he understood that if he failed to raise issues during his argument on Motion to Withdraw Guilty Plea, and if that was denied, at his sentencing in 3 days, his right to raise such issues would be lost. These were the only rights Appellant needed to be advised of. He had been appointed counsel and was aware . . . that he could have counsel. He had been advised of the elements of the charges in the August 29, 2016 waiver of counsel proceeding and at the time he entered his plea of guilty. Therefore, the waiver of counsel colloquy at that time of the proceedings was adequate. To have advised Appellant of all the elements of all the charges against him again would have been "mere ceremony". See i.e. Davis v. United States, 226 F.2d 834, 840 (8th Cir. 1955). This matter is similar to that of Arnold v. United States, 414 F.2d 1056 (9th Cir. 1968) wherein the Ninth Circuit Court of Appeals found that "Appellant had not triggered the need for a new colloquy" where Appellant had competently waived counsel, but then requested appointment of counsel as indicated in initial waiver that said waiver was limited to that particular stage of the proceedings. Id. at 1057.

Trial Court Opinion, 7/26/17, at 6–8.

In sum, we agree with the trial court that Appellant's vague and imprecise Pa.R.A.P. 1925(b) statements fail to preserve issues for review. *See **Commonwealth v. Lemon***, 804 A.2d 34, 38 (Pa. Super. 2002)

(stating that when an appellant's Pa.R.A.P.1925(b) statement is too vague to identify a specific issue, the issue is waived). Further, Appellant's appellate brief fails to provide identifiable, coherent legal arguments and fails to comply with our rules of appellate procedure, resulting in waiver on this basis, as well. *Tchirkow*, 160 A.3d 798. Finally, even if not waived, the denial of Appellant's motion to withdraw his guilty plea and the sufficiency of the colloquy to waive counsel lack merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2018