J-A03031-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,
          Appellee

      v.

MATTHEW J. DOUGHERTY,

          Appellant

 

IN THE SUPERIOR COURT OF
      PENNSYLVANIA

No. 60 WDA 2018

Appeal from the Judgment of Sentence August 15, 2017
in the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000635-2016

BEFORE:  BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:      **FILED APRIL 12, 2019**

Matthew J. Dougherty (Appellant) appeals from the August 15, 2017 judgment of sentence of 9 to 18 months of incarceration followed by 3½ years of probation after a jury found him guilty of indecent assault.  Upon review, we affirm.

We provide the following background.  Appellant was charged with two counts of aggravated indecent assault and one count of indecent assault for numerous incidents of improper touching involving Appellant's stepdaughter, J.M., which occurred between 2011 and 2013, when J.M. was approximately 9 to 12 years old.

---

* Retired Senior Judge assigned to the Superior Court.

Prior to trial, Appellant filed, *inter alia*, a motion *in limine* seeking a hearing pursuant to ***Frye v. United States***, 293 F. 1013 (D.C. Cir. 1923),[1] on any testimony the Commonwealth intended to introduce regarding the "uniformity of behavior exhibited by sexually abused children[.]" Motion *in Limine*, 3/9/2017. The Honorable Christopher St. John, who was then presiding over the case, granted Appellant's request for a ***Frye*** hearing. Order, 3/15/2017, at 2.

Thereafter, Appellant's case was transferred to President Judge Thomas Dobson. During a discussion with Appellant's counsel and the Commonwealth, the Commonwealth indicated that it was no longer seeking to present such evidence through its expert. Accordingly, over Appellant's objection, Judge Dobson ordered that the scheduled ***Frye*** hearing instead serve as a hearing to "determine what testimony is admissible in light of the restrictions set forth in 42 Pa.C.S. § 5920(b)(2)."[2] Order, 3/23/2017.

---

[1] A ***Frye*** hearing "is a hearing held for the trial court to determine whether the general scientific community has reached a general acceptance of the principles and methodology used by the expert witness." ***Commonwealth v. Walker***, 92 A.3d 766, 769 n.1 (Pa. 2014).

[2] Section 5920 provides as follows.

**(a) Scope.--**This section applies to all of the following:

(1) A criminal proceeding for an offense for which registration is required under Subchapter H of Chapter 97 (relating to registration of sexual offenders).

(2) A criminal proceeding for an offense under 18 Pa.C.S. Ch. 31 (relating to sexual offenses).

*(Footnote Continued Next Page)*

- 2 -

That hearing was held on April 17, 2017, during which the Commonwealth offered the testimony of Kimberly Duffy, a forensic interviewer at the York County Children's Advocacy Center, as a section 5920 expert. At the conclusion of the hearing, the trial court permitted Ms. Duffy to testify at trial but limited her testimony to her own experiences with sexual abuse victims that she has interviewed, and prohibited any mention of "grooming." Order, 5/18/2017.

*(Footnote Continued)* ————————

**(b) Qualifications and use of experts.--**

> (1) In a criminal proceeding subject to this section, a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in understanding the dynamics of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after being assaulted.
>
> (2) If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors.
>
> (3) The witness's opinion regarding the credibility of any other witness, including the victim, shall not be admissible.
>
> (4) A witness qualified by the court as an expert under this section may be called by the attorney for the Commonwealth or the defendant to provide the expert testimony.

42 Pa.C.S. § 5920 (footnote omitted).

A jury trial occurred from April 18-24, 2017. During trial, Ms. Duffy testified as an expert in accordance with the trial court's ruling. At the conclusion of the trial, the jury found Appellant guilty of indecent assault and not guilty of aggravated indecent assault. On August 15, 2017, the trial court sentenced Appellant as indicated *supra*.

Appellant filed a post-sentence motion, which the trial court denied on November 30, 2017. This timely filed appeal followed.[3] Appellant raises three questions for this Court's review, which we have reordered for ease of disposition. *See* Appellant's Brief at 4.

Appellant first argues that the trial court erred in precluding Appellant from questioning his wife, who is J.M.'s mother (Mother), about her knowledge of Appellant's taking a polygraph examination regarding the allegations in this case. Appellant's Brief at 22.

Our standard of review for the admission of evidence is well-settled.

> The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment

---

[3] Following the filing of Appellant's notice of appeal, his case was transferred to Senior Judge John Reed. On January 31, 2018, Judge Reed issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement, and, for purposes of Pa.R.A.P. 1925(a), relying upon Judge Dobson's November 30, 2017 Opinion. Order, 1/31/2018. Appellant complied with Pa.R.A.P. 1925(b). Thereafter, on September 25, 2018, this Court dismissed Appellant's appeal for failure to file a brief. However, we granted Appellant's application to reinstate his appeal, and the matter is now properly before us.

exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Manivannan*, 186 A.3d 472, 479-80 (Pa. Super. 2018) (citation omitted).

On the second day of trial, in Appellant's case-in-chief, Appellant called Mother as a witness. N.T., 4/19/2017, at 106. On cross-examination, the Commonwealth asked her why she believed J.M. was lying about the accusations against Appellant. *Id.* at 119. Mother responded that she did not know why J.M. was lying, but that J.M. has lied historically. *Id.* As such, Mother does not believe anything criminal happened between Appellant and J.M. *Id.* at 121. Pertinent to Appellant's claim on appeal, the Commonwealth never asked Mother why she believed Appellant over J.M., and in answering why she did not believe J.M., Mother did not mention Appellant's taking a polygraph examination. *Id.* at 119-130. Immediately after cross examination, the parties engaged in a sidebar discussion with the trial court. That sidebar discussion was not transcribed. Appellant then conducted his redirect examination of Mother.

On appeal, Appellant contends that the trial court erred in precluding Appellant from asking Mother about the polygraph examination on redirect examination. Appellant's Brief at 22. However, it appears from the record that this request was made during the off-the-record sidebar discussion. *See* N.T., 4/19/2017, at 130 (proceeding directly from the conclusion of cross examination into redirect examination, without any request for a

sidebar); Opinion, 11/30/2017, at 5. Appellant acknowledged in his brief that the trial court's alleged ruling occurred in an unrecorded sidebar, which was held following cross examination.

> [I]t is an appellant's duty to ensure that the certified record is complete for purposes of review. In addition, our Court has stated a [f]ailure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed. Where portions of a proceeding are unrecorded, appellant's burden to supply a record may be satisfied through the statement in absence of transcript procedures. ***See*** Pa.R.A.P. 1923.

***Commonwealth v. Lopez***, 57 A.3d 74, 82 (Pa. Super. 2012) (quotation marks and some citations omitted). No statement pursuant to Pa.R.A.P. 1923 has been offered on appeal pertaining to this off-the-record sidebar. Because this Court is unable to ascertain on what basis the trial court made its ruling, we are unable to evaluate whether the trial court abused its discretion. Accordingly, Appellant's claim is waived.

Appellant next contends that the trial court erred in failing to hold the ***Frye*** hearing scheduled by Judge St. John in violation of the coordinate jurisdiction rule. Appellant's Brief at 18-19.

> At the outset, [our Supreme] Court has long recognized that judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions. This rule, known as the "coordinate jurisdiction rule," is a rule of sound jurisprudence based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency.
>
> In our view, this coordinate jurisdiction rule falls squarely within the ambit of a generalized expression of the "law of the case" doctrine. This doctrine refers to a family of rules which embody the concept that a court involved in the later phases of

> a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine are that … upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

*Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (citations omitted). Departure from the coordinate jurisdiction rule or law of the case doctrine is permissible "only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Id.* at 1332.

Here, Appellant filed a pre-trial motion *in limine* for a *Frye* hearing on any testimony the Commonwealth intended to introduce regarding the "uniformity of behavior exhibited by sexually abused children[.]" Motion *in Limine*, 3/9/2017. Judge St. John granted Appellant's request based on *Commonwealth v. Dunkle*, 602 A.2d 830 (Pa. 1992), *superseded by* 42 Pa.C.S. § 5920, which held that, *inter alia*, "testimony about the uniformity of behaviors exhibited by sexually abused children[, referred to as, *inter alia*, abused-victim syndrome,] is not sufficiently established to have gained general acceptance in the particular field in which it belongs[,]" and therefore is inadmissible under *Frye*. 602 A.2d at 834 (citation and quotation marks omitted).

Thereafter, Appellant's case was transferred to Judge Dobson. "[A]fter discussion with counsel and the Commonwealth indicating that [the Commonwealth was] not seeking to establish abused-victim syndrome as was attempted in **Dunkle**," Judge Dobson ordered that the scheduled **Frye** hearing instead be treated as a hearing to "determine what testimony is admissible in light of the restrictions set forth in 42 Pa.C.S. § 5920(b)(2)." Order, 3/23/2017. In that order, the trial court also noted for the record that "[Appellant] objects and says there should be a **Frye** hearing. The [trial c]ourt does not believe a **Frye** hearing is appropriate given the nature of the testimony as restricted by [section] 5920." **Id.**

Although Appellant objected to the trial court's reframing the **Frye** hearing as a motion *in limine* hearing pursuant to section 5920, Appellant did not raise the coordinate jurisdiction rule as a basis for why the scheduled hearing should have remained a **Frye** hearing until he filed his brief on appeal. **Compare** Order, 3/23/2017 (trial court noting Appellant's objection for the record and averment that there should be a **Frye** hearing); Post-Sentence Motion, 8/25/2017, at 3 (claiming trial court erred in denying request for **Frye** hearing); Amended Statement of Matters Complained of on Appeal, 2/20/2018, at ¶ 8a ("The court erred in denying [Appellant] the opportunity to challenge whether the opinions of the expert were accepted pursuant to the **Frye** standard.") **with** Appellant's Brief at 18-19 (arguing that the reframing of the **Frye** hearing violated the coordinate jurisdiction

rule). "Because Appellant is improperly attempting to raise a new theory of relief for the first time on appeal, we conclude Appellant waived this [] claim." ***Commonwealth v. Phillips***, 141 A.3d 512, 522 (Pa. Super. 2016) (citations omitted).

Finally, Appellant contends that the trial court erred in permitting the Commonwealth's section 5920 expert to testify in a manner that Appellant claims improperly bolstered J.M.'s credibility. Appellant's Brief at 13. He argues that while the expert testified that she was answering the questions without any knowledge of the underlying facts of the case, "[h]er testimony being limited to the behavior demonstrated in this case is a clear direct bolstering of the victim's veracity." ***Id.*** at 17.

As detailed *supra*, we review a trial court's evidentiary rulings for an abuse of discretion. ***See Manivannan, supra***. This Court recently reviewed a claim similar to Appellant's in ***Commonwealth v. Cramer***, 195 A.3d 594 (Pa. Super. 2018). We find ***Cramer*** dispositive. In ***Cramer***, Cramer alleged that the section 5920 expert's testimony bolstered the victim's credibility. In rejecting this claim, we held as follows.

> In 2012, the General Assembly enacted 42 Pa.C.S. § 5920 as a statutory rule of evidence permitting qualified experts to testify in certain criminal proceedings about "the dynamics of sexual violence, victim responses to sexual violence[,] and the impact of sexual violence on victims during and after being assaulted." 42 Pa.C.S. § 5920(b)(1).

> Section 5920 permits expert testimony limited to "opinions regarding specific types of victim responses and victim behaviors." 42 Pa.C.S. § 5920(b)(2). [Subs]ection 5920(b)(3)

specifically precludes an expert witness from opining on "the credibility of any other witness, including the victim[.]" 42 Pa.C.S. § 5920(b)(3).

***Cramer***, 195 A.3d at 608.

After reviewing the expert's testimony in ***Cramer***, this Court held that the expert neither offered an opinion as to the credibility of the victim, nor as to whether the victim's particular response was normal.

Rather, [the expert] testified generally about the manner in which victims of sexual abuse respond to an assault.

The Commonwealth did not provide [the expert] with a factual account of the allegations against [Cramer], and she testified without knowing anything about the allegations, the [v]ictim, or [Cramer] in order to comply with Section 5920. Moreover, the Commonwealth's questions in this case were general and generic enough that [the exper's] testimony did not bolster the [v]ictim's testimony as [Cramer] claims.

Since [the expert's] testimony complied with Section 5920 by responding to the Commonwealth's general questions, she did not know the facts of the case before she testified, and she did not offer an opinion about the credibility of the [v]ictim or whether the [v]ictim responded "normally," the trial court did not err in permitting Dr. Valliere to testify pursuant to Section 5920.

***Id.*** (footnote omitted).

Here, upon review of Ms. Duffy's expert testimony, we reach the same conclusion. The Commonwealth did not disclose the facts of the case to Ms. Duffy. The Commonwealth asked general questions about broad, common, behaviors that Ms. Duffy has witnessed among sexual abuse victims that she had interviewed. That J.M. exhibited the same behaviors does not mean Ms. Duffy improperly bolstered J.M.'s credibility. Rather, Ms. Duffy's testimony

did exactly what section 5920 permits; it allows an expert to testify to "opinions regarding specific types of victim responses and victim behaviors." 42 Pa.C.S. § 5920(b)(2). Accordingly, we hold that the trial court's permitting Ms. Duffy to testify in exact accordance with section 5920 did not result in improper bolstering.

Finding Appellant's claims on appeal either waived or without merit, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2019