**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARNELL CHAMBERLAIN | : | |
| | : | |
| Appellant | : | No. 1260 EDA 2020 |

Appeal from the PCRA Order Entered June 17, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0409611-2003

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: Filed: April 14, 2021

Appellant Carnell Chamberlain appeals from the order denying his second Post Conviction Relief Act[1] (PCRA) petition following a hearing. Appellant argues that the PCRA court erred in rejecting his after-discovered evidence claim. Following our review of the record, we affirm on the basis of the PCRA court's opinion.

A jury convicted Appellant of first-degree murder[2] for the shooting death of Curtis Cannon (the victim). On September 23, 2003, the trial court sentenced Appellant to life imprisonment. This Court affirmed Appellant's judgment of sentence on April 27, 2005, and our Supreme Court denied allowance of appeal on March 28, 2006.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

On December 11, 2006, Appellant filed a timely *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed an amended petition alleging ineffective assistance of counsel. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and later dismissed it. On March 31, 2015, this Court affirmed the denial of Appellant's PCRA petition.

Appellant filed the instant *pro se* PCRA petition, his second, on November 8, 2016. In it, Appellant asserted that he obtained newly-discovered evidence, which excused his late filing. **See** PCRA Pet., 11/8/16, at 3-4 & Ex. A. The new evidence was a letter, forwarded from the Pennsylvania Innocence Project to Appellant, from Junious Diggs. In the letter, Diggs claims he committed the murder for which Appellant was convicted. **See id.** Ex. A. On April 22, 2017, the PCRA court appointed counsel, who filed an amended petition and requested an evidentiary hearing. Thereafter, Appellant filed a supplemental amended PCRA petition.[3] **See** Appellant's Sup. Am. PCRA Pet., 11/17/20, at 8-9 & Ex. A.

On March 3, 2020, the PCRA court held an evidentiary hearing on Appellant's after-discovered evidence claim.[4] At the hearing, Diggs admitted

_____

[3] Appellant attached a letter to his amended petition from Michael Devan, who claimed Appellant was not present at the scene of the murder. **See** Ex. A.

[4] In its Rule 1925(a) opinion, the PCRA court noted that Appellant's PCRA petition was facially untimely. **See** PCRA Ct. Op., 9/14/20, at 4. However, the PCRA court concluded that the evidence that formed the basis of

that he wrote the letter in question and sent it to the Pennsylvania Innocence Project. *See* N.T. PCRA Hr'g, 3/3/20, at 21. However, he also testified that his confession was fabricated and that he did not shoot the victim, as he stated in his letter. *See id*. at 28-29.[5]

The PCRA court denied Appellant's second petition on March 16, 2020. The PCRA court, in relevant part, concluded that Diggs' testimony bore no credible evidentiary value. *See* Order, 3/16/20. Appellant filed the instant appeal.[6] The PCRA court then ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and he complied.

On appeal, Appellant raises a single issue for our review:

> Did the PCRA court err in dismissing Appellant's PCRA [p]etition because Appellant presented compelling newly-discovered evidence in the form of an admission by another culpable individual an the Commonwealth's attempts to rebut that evidence

_____

Appellant's claim could not have been known before trial, with the exercise of due diligence. *See id*. at 5. The PCRA court further concluded that the letter Appellant received from the Innocence Project on October 31, 2016, and his petition, filed on November 8, 2016, met the newly discovered evidence exception to the PCRA's timeliness requirement. *See id*. In addition, the PCRA court determined that Diggs' letter also met the requirements for after discovered evidence. *See id*. at 5-6. Therefore, the PCRA court had jurisdiction to address Appellant's claim.

[5] Appellant's other witness, Devan, failed to appear at the evidentiary hearing despite being subpoenaed.

[6] On the day the PCRA court issued its order dismissing Appellant's second PCRA petition, court operations were suspended due to the COVID-19 pandemic. As a result, the PCRA court's order was not docketed until June 15, 2020, which was soon after court operations resumed. Appellant filed his notice of appeal on June 17, 2020. Therefore, we conclude that Appellant timely filed the instant appeal.

are based upon firearms evidence which is no longer scientifically accepted?

Appellant's Brief at 4.

After reviewing the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 1-7. Specifically, we note that the PCRA court found that "[t]he information in the letter from Diggs and Diggs' testimony at the evidentiary hearing was fraught with inconsistencies." *See id.* at 6. For example, Diggs stated in the letter that he "shot and killed a man named Curtis Canon." *Id.* However, at the evidentiary hearing, Diggs testified that he was not the person who shot the victim. *See* N.T., PCRA Hr'g, at 29. In addition, Diggs' letter stated that he was at the intersection of Potter and Clearfield Streets where the shooting occurred. *See* PCRA Pet., Ex. A. However, he testified that he was at the intersection of G Street and Allegheny Avenue, which was some distance away from the murder. *See* N.T., PCRA Hr'g, at 26-27. Also, contrary to Appellant's argument, the Commonwealth did not use ballistics evidence to impeach Diggs at the evidentiary hearing. *See id.* at 25. Therefore, we agree with the PCRA court that Appellant's petition merits no relief. Accordingly, we affirm.

Order affirmed.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/14/21

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA    :

                    v.                   :

CARNELL E. CHAMBERLAIN     :      CP-51-CR-0409611-2003

Appeal No. 1260 EDA 2020      :

OPINION

Appellant, Carnell E. Chamberlain, appeals the denial of his petition for

relief pursuant to the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541 et seq.

(PCRA). Following an evidentiary hearing, Appellant's request for relief was

denied. The relevant facts and procedural history follow.

On October 23, 2002, Appellant along with co-defendant, Kevin Burton,

was found guilty of first degree murder and related offenses by a jury for the

killing of Curtis Cannon, and sentenced by this Court to a mandatory sentence

of life imprisonment.[1] On April 27, 2005, Appellant's judgement of sentence

was affirmed by the Superior Court, and, on March 28, 2006, Appellant's

petition for allowance of appeal to the Pennsylvania Supreme Court was

denied. Accordingly, Appellant's judgement of sentence became final on or

about June 28, 2006, when the time for filing an appeal to the United States

---

[1] 18 Pa.C.S. § 2502; 18 Pa.C.S. §903; 18 Pa.C.S 907; and 18 Pa.C.S. §6105; 18 Pa.C.S. §6106; 18 Pa.C.S. §6108, respectively. Appellant received a mandatory sentence of life imprisonment for first degree murder with concurrent sentences of, 5-10 years for conspiracy; 3 ½ -7 years for Violation of the Uniform Firearms Act, and; 2 ½ - 5 years for Possession of an Instrument of Crime.

1

Supreme Court expired. On December 11, 2006, Appellant timely filed his first *pro se* PCRA petition, complaining that he was entitled to relief based upon the ineffective assistance of all prior counsel. PCRA counsel was appointed, filed an amended petition reiterating Appellant's *pro se* claims. The Commonwealth filed a motion to dismiss, claiming that Appellant was not entitled to PCRA relief. Following a thorough review and proper notice, on February 28, 2014, Appellant's petition for relief was dismissed without a hearing. On March 31, 2015, the dismissal was affirmed by the Superior Court. Appellant did not file a petition for allowance to the Supreme Court.

On November 8, 2016, Appellant filed the instant untimely PCRA petition, claiming newly discovered evidence in the form of a letter received from the Pennsylvania Innocence Project dated October 25, 2016, which contained a letter, dated April 10, 2016, alleged to have been written by one Junious Diggs (Diggs), claiming that he (Diggs) committed the murder for which Appellant had been convicted. PCRA counsel was appointed and on April 22, 2017, filed an amended petition reiterating Appellant's *pro se* claims and requesting an evidentiary hearing. Thereafter, the PCRA was scheduled for the Commonwealth's response, and after several continuances, the Court was informed that Appellant's PCRA petition had been transferred to the District Attorney's Conviction Integrity Unit for review. After more than a year in the Integrity Unit with no resolution, the Court scheduled an evidentiary hearing for October 25, 2019. However, on that date, Diggs was not transported from the State Correctional Institution at Albion where he was housed, and the

evidentiary hearing had to be rescheduled. On November 17, 2019, Appellant filed a Supplemental Amended PCRA petition adding a new witness, Michael Devan (Devan). Attached to the petition was a letter from Devan dated September 14, 2017, claiming, in pertinent part, that he has been friends with Appellant since they were young, that he and Kevin Burton were at the scene at the time of the murder, heard the gun shots and ran, but that Appellant was not present.[2]

Appellant's evidentiary hearing was subsequently rescheduled to March 3, 2020. At the hearing, Appellant testified to the timeliness of his PCRA petition; that he received the letter from the Pennsylvania Innocence Project on October 31, 2016, and filed his PCRA petition on November 8, 2016, well within sixty days of receiving it. Diggs testified that he did write the letter and sent it to the Pennsylvania Innocence Project. He claimed that the reason he wrote the letter was "out of the goodness of his heart." (N.T 3/30/2020 pg. 21). Diggs also testified that he was not honest in the letter and denied that he was the shooter. Appellant's additional witness, Michael Devan, failed to appear despite being subpoenaed. Following testimony and admission of all the evidence, the Court held its decision under advisement. On March 16, 2020, after reviewing the evidence and testimony from the evidentiary hearing, the Court signed an order denying Appellant PCRA relief. On that same day, court operations were shut down due to the Covid-19 Pandemic, and the order was

---

[2] Michael Devan failed to appear at the evidentiary hearing on March 3, 2020 despite being subpoenaed.

not docketed until June 15, 2020, when docketing operations were resumed. Thereafter, Appellant filed the instant appeal.

The standard of review for an order denying post-conviction relief is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. Commonwealth v. Smallwood, 155 A.3d 1054, 1059 (Pa. Super. 2017). The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. Commonwealth. v. Medina, 92 A.3d 1210, 1214-15 (Pa. Super. 2014). The appellate court is bound by the credibility determinations of the PCRA court when they are supported by the record. Id. On appeal, Appellant complains that "the PCRA Court erred in dismissing Appellant's PCRA Petition following a hearing and the Court's decision is not supported by the Record and free from legal error because it is unconceivable that Junious Diggs would implicate himself and exculpate Appellant, thereby exposing Diggs to Murder charges, and the trial ballistics evidence used by the Commonwealth to impeach Diggs lacks any accepted scientific basis." (Statement of Errors complained of On Appeal).

Preliminarily, it is noted that Appellant's facially untimely petition invoked the Court's jurisdiction as it met the criteria of newly discovered facts. A PCRA petition must be filed within one year of the judgement of sentence becoming final. Commonwealth. v. Medina, supra. The judgement of sentence is deemed final at the conclusion of direct review, including discretionary

4

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. Commonwealth v. Zeigler, 148 A.3d 849, 853 (Pa. Super. 2016). The timeliness requirements of the PCRA are mandatory and jurisdictional in nature, therefore if a petition is not timely the court does not have jurisdiction to hear the PCRA claim. Commonwealth v. Rizvi, 166 A.3d 344 (Pa. Super. 2017). A petition may overcome the PCRA timeliness restriction if it meets one of three statutory exceptions to the timeliness requirement.[3] The Court determined that the letter and information that formed the basis of appellant's claims could not have been known before trial with the exercise of due diligence. The Court further concluded that Appellant's testimony that he received the letter from the Innocence Project on October 31, 2016 and filed his petition on November 8, 2016, met the requirements of the newly discovered evidence exception to the PCRA timeliness restrictions. Thus, the Court had jurisdiction to address Appellant's claims. The Court further determined that Diggs' letter met the requirements for after discovered evidence in that it could not have been obtained prior to trial by exercising reasonable diligence, was not merely corroborative or cumulative, was not being used for impeachment purposes,

_____

[3] In order to fall within the exceptions to the one year filing requirement, a petitioner must allege and prove that the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; or (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a Constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been retroactively upheld. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

and, if believed, would likely result in a different verdict See <u>Commonwealth. v.</u> <u>Padillas</u>, 997, A.2d 356, 363-65 (Pa Super. 2010). (To be granted a trial based on after-discovered evidence, Defendant must demonstrate that the evidence (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict). Accordingly, the Court conducted the evidentiary hearing on appellant's claims.

The record supports the Court's denial of Appellant's petition for relief. The information in the letter from Diggs and Diggs' testimony at the evidentiary hearing was fraught with inconsistencies. In his letter, Diggs states, "I shot and killed a man named Curtis Canon; I want to enter a guilty plea for the murder of Curtis Canon." (Diggs Letter dated April 10, 2016 at pg. 1, 3). However, under oath, Diggs testified that, while he did write the letter, he was not honest in the letter. When asked whether he was the shooter, Diggs answered "No." (N.T. 3/3/2020 pg. 20, 29). In his letter Diggs also states that he was at Potter and Clearfield where the shooting took place, at the time of the shooting. (Diggs Letter dated April 10, 2016 at pg. 2). However, at the evidentiary hearing, Diggs testified that he was at the corner of G and Allegheny, some distance away, when the murder took place. (N. T. 3/3/2020 Pg. 26). Additionally, in his letter, Diggs claimed that he and "Lil Man," a person he was with at the time of the shooting, both had guns but that "Lil Man" never shot at all. The letter indicated that he (Diggs) shot about 6-8 shots

from a Tech 9 and a 9 millimeter at Clearfield and Potter. (Diggs Letter dated April 10, 2016 at pg. 2). At the hearing, Diggs testified that he did not shoot, but instead saw "Lil Man" shoot. (N. T. 3/3/2020 Pg. 23). After hearing all of the evidence and reviewing the record, the Court determined that the proffered evidence was so incredible and inconsistent that there was no basis for the Court to overturn Appellant's conviction.

Moreover, Appellant's complaint that the trial ballistics evidence used by the Commonwealth to impeach Diggs lacks any accepted scientific basis is undeveloped and therefore waived. A statement that is too vague to allow the Court to identify the issues raised on appeal is the functional equivalent of no statement at all. Commonwealth v. Phillips, 141 A. 3d 512, 522 (Pa. Super. 2016). See Commonwealth v. McDermitt, 66 A.3d 810, 814 (Pa. Super. 2013). (It is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.) Accordingly, the Court is unable to address Appellant's complaint as it is vague and underdeveloped.

For the foregoing reasons, Appellant's petition for relief was properly denied.

BY THE COURT:

SHEILA WOODS-SKIPPER, J.

Date:     September 14, 2020

7