J-S17024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :           PENNSYLVANIA
                            :
                v.                 :
                            :
                            :
RONALD LEE POE                :
                            :
          Appellant         :     No. 1285 MDA 2020

Appeal from the PCRA Order Entered August 25, 2020,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0003989-2018.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:      **FILED: July 30, 2021**

Ronald Lee Poe appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We dismiss.

The facts and procedural history may be summarized as follows:  On June 24, 2018, Trooper Timothy Richartz of the Pennsylvania State Police arrived at Poe's residence to serve an arrest warrant upon Lisa McCall because she had violated her probation.  McCall was arrested, taken to the police barracks, and interviewed.  Based on information she related to them, the police applied for and executed a search warrant for weapons and drugs at Poe's residence that same day.  Based on evidence found therein, the

---

[*] Retired Senior Judge assigned to the Superior Court.

Commonwealth then charged Poe with a firearm violation and drug-related offenses.

On April 10, 2019, the case against Poe proceeded to a jury trial on only the firearm violation, and the jury found him guilty. On June 19, 2010, the trial court imposed a standard range guideline sentence of five to ten years of incarceration.

Poe filed a timely appeal to this Court in which he challenged the trial court's denial of his motion to suppress the evidence obtained under the search warrant, as well as the statements he made to the police that same day. On January 7, 2020, this Court rejected Poe's claims and affirmed his judgment of sentence. *Commonwealth v. Poe*, 226 A.3d 618 (Pa. Super. 2020) (non-precedential decision). Poe did not seek further review.

On March 16, 2020, Poe filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. On May 18, 2020, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Poe filed a *pro se* response and request for a hearing.

On July 31, 2020, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Poe's PCRA petition without a hearing. Poe failed to file a timely response. By order entered August 24, 2020, the PCRA court denied Poe's PCRA petition and granted PCRA counsel's motion to withdraw. This

timely appeal followed.[1]  Both Poe and the PCRA court have complied with Pa.R.A.P. 1925.

We begin our analysis by observing that both Poe's Rule 1925(b) statement and his brief are incomprehensible.  Additionally, appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  Pa.R.A.P. 2101.  If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed."  *Id.* This Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.  ***Commonwealth v. Maris***, 427 Pa. Super. 566, 629 A.2d 1014, 1017 n.1 (1993).  Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.  *Id.*  This Court may quash or dismiss an appeal if an appellate fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.  *Id.*, Pa.R.A.P. 2101.

---

[1] The PCRA court initially found that Poe's *pro se* notice of appeal was untimely because it was due by September 23, 2020 and was not received and recorded until September 30, 2020.  Although the PCRA court's August 24, 2020 order in the certified record contains a notation indicating that a copy was sent to Poe's prison address, via certified mail, return receipt requested, there is no docket entry indicating that Poe was served with the order. Rather, the docket indicates that, on August 25, 2020, the order was electronically served on counsel for the Commonwealth and PCRA counsel.  As there is no evidence of record that Poe was served with, or otherwise informed of, the court's dismissal, we will not quash the appeal as untimely.  ***See generally***, Pa.R.Crim.P. 114; Pa.R.Crim.P. 907(4).

*Commonwealth v. Freeland*, 106 A.2d 768, 776-77 (Pa. Super. 2014) (citations omitted).

Although Poe's *pro se* brief marginally complies with Pennsylvania Rule of Appellate Procedure 2111(a), we note that it lacks a statement of questions involved and consists of a lengthy argument—at times incoherent and/or irrelevant—raising multiple claims, including trial counsel's ineffectiveness during Poe's suppression hearing and at his trial.

Poe's brief parallels the lengthy Rule 1925(b) statement that Poe filed below. The PCRA court found this lack of "conciseness" should result in waiver of all claims. The court explained:

> Here, [Poe's] 12-page statement is not concise. Rather, it is confusing, redundant, makes vague claims that fail to provide sufficient detail or identify all pertinent issues, presents fragmented statements, fails to contain comprehensible argument or citation to the record, and includes defamatory rants. Because the court is impeded in its ability to conduct meaningful analysis, [Poe's] claims should be deemed waived.

PCRA Court Opinion, 11/16/20, at 5. We agree. *See Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) (reiterating that, to avoid waiver, an issue in a Rule 1925(b) "must be identified with sufficient particularity").

Our reading of Poe's *pro se* brief, as well as his subsequently filed "summary" and "amendment to summary," reveals a rambling "incoherent, confusing, redundant, defamatory rant" alleging a conspiracy between the police, their alleged agent, the trial judge, the prosecutor, and his trial

counsel. This type of brief renders it impossible for use to conduct any type of appellate review. *See Commonwealth v. Vurimindi*, 200 A.3d 1031, 1042 (Pa. Super. 2018) (dismissing appeal when Vurimindi's defamatory rant against everything and everyone involved in this case shows complete defiance toward the purpose of appellate review).

In sum, given the overall tenor of Poe's Rule 1925(b) statement, we agree with the PCRA court that he has waived any issue he wished to raise in this appeal. *See id.* at 1043. We therefore dismiss Poe's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2021

- 5 -